400 S.E.2d 596

**Zettie BROWN, et al.**

v.

**Dewey CRUM, et al.**

**No. 19408.**

Supreme Court of Appeals of
West Virginia.

Dec. 17, 1990.

James A. McKowen, Hunt & Wilson,
Charleston, for Zettie Brown and Shirley
Brown.

G.W. Lavender, III, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Charleston, for Dewey Crum.

Menis Ketchum, Greene, Ketchum, Bailey & Tweel, Huntington, for Allstate Ins. Co.

PER CURIAM:

In this action to collect underinsured motorist insurance benefits, Shirley Brown and his wife, Zettie Brown, appeal from an order of the Circuit Court of Logan County, entered on August 22, 1989, denying the appellants underinsurance coverage from Allstate Insurance Company. The appellants argue that the lower court erred by permitting Allstate to offset amounts paid by the tortfeasor's liability carrier against the underinsured motorist coverage provided by Allstate, thereby reducing Allstate's liability to zero. We agree with the contentions of the appellants. We therefore reverse the decision of the Circuit Court of Logan County and remand this case for further proceedings consistent with this opinion.

On June 2, 1987, an automobile driven by the appellants' daughter, Mrs. Susan Bowles, was struck by an automobile driven by Dewey Crum. Appellant Zettie Brown, a passenger in the automobile driven by Mrs. Bowles, sustained significant injuries to her ribs, ankle, wrist, fingers, and face. Mr. Crum, whose negligence is not disputed in this matter, was insured through an automobile liability insurance policy issued by Dairyland Insurance Company with policy limits of $20,000.00. In exchange for a covenant not to execute against Mr. Crum's personal assets, the appellants received the full policy limit of $20,000.00 from Dairyland. The covenant not to execute, however, preserved the appellants' right to seek additional benefits available through any other applicable underinsured motorist insurance coverage.

On June 23, 1988, the appellants filed an action in the Circuit Court of Logan County against Dewey Crum in order to pursue additional underinsured motorist coverage benefits. Mrs. Bowles was insured through an automobile insurance policy issued by Allstate, which provided underinsured motorist policy limits of $20,000.00 for each of the two vehicles insured by the Bowles family. The appellants possessed automobile liability insurance coverage issued by State Farm Insurance Company.[1]

Allstate contended that its liability was reduced to zero by the $20,000.00 paid by Mr. Crum's insurance carrier, Dairyland.[2] The appellants, however, contended that underinsured coverage existed because Allstate was not entitled to offset the $20,000.00 paid by Mr. Crum's insurer against its $20,000.00 underinsured coverage. On August 22, 1989, the lower court ruled that Allstate was entitled to offset the $20,000.00 paid by Mr. Crum's insurer, thereby reducing Allstate's liability to zero.

I.

West Virginia Code § 33–6–31(b) (1988), in pertinent parts as they existed at the initiation of this controversy, provided as follows:

Provided further, That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured. 'Underinsured motor vehicle' means a motor vehicle with respect to the ownership, operation, or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either (i) less than limits the insured car-

---

1. State Farm filed a declaratory judgment action in federal court to determine whether the appellants possessed underinsured motorist coverage through their policy with State Farm. The appellants' action against State Farm has been settled and is not relevant to this appeal.

2. By order dated September 21, 1988, the parties agreed that liability was uncontested and that the damages sustained by the appellants exceeded the coverage previously provided.

ried for underinsured motorists' coverage, or (ii) has been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorist's coverage.

In 1988, an amendment to that statute prohibited set-offs against underinsured motorist coverage. Pursuant to the 1988 amendment, W.Va.Code § 33–6–31(b), in pertinent part, provided as follows (language added by 1988 amendment is underlined):

Provided further, That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without set-off against the insured's policy or any other policy. 'Underinsured motor vehicle' means a motor vehicle with respect to the ownership, operation, or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either (i) less than limits the insured carried for underinsured motorists' coverage, or (ii) has been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorists' coverage. No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy.

The appellee presents a foundational argument to the effect that Mr. Crum's vehicle did not meet the statutory definition of "underinsured motor vehicle." Therefore, Allstate contends that it is not obligated to pay any amount as underinsured motorist coverage. Specifically, Allstate contends that the statutory definition of underinsured motor vehicle requires the tortfeasor's limits of liability insurance to be either (1) less than the underinsured coverage provided by Allstate or (2) reduced by payment to others to an amount less than the underinsured coverage. Thus, Allstate argues that because the tortfeasor's limits of $20,000.00 are equal to the underinsured policy limits provided by Allstate, Mr. Crum does not fall within the statutory definition of underinsured motorist.

■ While this argument may be a compelling one upon a narrowly-construed literal interpretation of the statute, we have recently explained the following in syllabus point 5 of *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990):

In light of the preeminent public policy of the underinsured motorist statute, which is to provide full compensation, not exceeding coverage limits, to an injured person for his or her damages not compensated by a negligent tortfeasor, this Court holds that underinsured motorist coverage is activated under *W.Va.Code*, 33–6–31(b), as amended, when the amount of such tortfeasor's motor vehicle liability insurance actually available to the injured person in question is less than the total amount of damages sustained by the injured person, regardless of the comparison between such liability insurance limits actually available and the underinsured motorist coverage limits.

In the present case, the $20,000.00 in tortfeasor's motor vehicle liability insurance is less than the total amount of damages sustained by Mrs. Brown. Consequently, we find that underinsured motorist coverage is activated in the present case.

## II.

■ A second issue presented in this appeal involves the retroactive application of the 1988 amendments. The appellants contend that the 1988 amendments were provided as clarification of the legislature's original intent to preclude set-offs. The appellants further argue that the amendments merely clarify and emphasize what has always been the public policy of West Virginia with regard to underinsured motorist coverage. Consequently, they con-

tend that the amendments must be considered remedial in nature and must be applied retroactively to govern the resolution of the present case.

We have consistently held that a statute may be applied retroactively if it is remedial in nature. *See Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980). In *State Auto. Mut. Ins. Co. v. Youler,* 183 W.Va. 556, 396 S.E.2d 737 (1990), we encountered issues similar to those presented in this case. In *Youler,* the insurer had contended that the 1988 amendments to W.Va.Code § 33–6–31(b) indicated a "change in the law, so that prior thereto, ... the statute allowed a setoff of the tortfeasor's liability insurance coverage against the injured person's underinsured motorist coverage limits." 183 W.Va. at 569, 396 S.E.2d at 750. We disagreed with the contentions of the insurer in *Youler* and stated that the "1988 additions ... constitute only a clarification of the legislatures's original intent to preclude ... setoff[s]...." *Id.* We concluded the following in syllabus point 4 of *Youler:*

> *W.Va.Code,* 33–6–31(b), as amended, on uninsured and underinsured motorist coverage, contemplates recovery, up to coverage limits, from one's own insurer, of full compensation for damages not compensated by a negligent tortfeasor who at the time of the accident was an owner or operator of an uninsured or underinsured motor vehicle. Accordingly, the amount of such tortfeasor's motor vehicle liability insurance coverage actually available to the injured person in question is to be deducted from the total amount of damages sustained by the injured person, and the insurer providing underinsured motorist coverage is liable for the remainder of the damages, but not to exceed the coverage limits.

In the present case, we reemphasize that W.Va.Code § 33–6–31(b) precludes offsets of amounts paid by a tortfeasor's insurer against the underinsured motorist policy limits of an insurance carrier. This preclusion of offsets was the public policy of this state prior to the 1988 amendments which explicitly added such language to W.Va. Code § 33–6–31(b). Consequently, the 1988 amendments are to be applied retroactively to govern the resolution of the present controversy. We find Allstate's arguments to the contrary meritless.

The damages sustained by the appellant, Mrs. Brown, allegedly exceed the $20,-000.00 previously paid by the tortfeasor's insurer. We find that Allstate, as the insurer providing underinsured motorist coverage, is obligated to pay any amount of Mrs. Brown's damages determined to be in excess of that $20,000.00 up to the policy limit. Accordingly, we reverse the decision of the Circuit Court of Logan County and remand this case for further proceedings consistent herewith.

Reversed and remanded with directions.