**Ronald W. DOWELL, Administrator of the Estate of Jackie Lynn Dowell, deceased, Plaintiff,**

v.

**STATE FARM FIRE AND CASUALTY AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1:89–0516.**

United States District Court, S.D. West Virginia, at Bluefield.

Oct. 9, 1991.

---

**998**

Michael Froble, Katz, Kantor & Perkins, Bluefield, W.Va., for plaintiff.

Ben B. White, III, White's Law Offices, Princeton, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HALLANAN, District Judge.

This matter is before the Court via Plaintiff's Motion to Reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Having carefully reviewed the papers presented by the parties, the Court is prepared to issue its ruling herein.

### I. Summary of the Case

On April 11, 1988, Plaintiff's decedent, Jackie Lynn Dowell, was a guest passenger in a 1979 Chevrolet Camaro owned by Douglas Shinault and operated by Johnny Randolph Shinault. The automobile wrecked on U.S. Route 460 near Bluefield, West Virginia and resulted in the death of Jackie Lynn Dowell. The Plaintiff brought a wrongful death action against the Shinaults in the Circuit Court of Mercer County, West Virginia on September 8, 1988. Later in December 1988, Plaintiff settled with the Allstate Insurance Company, the Shinaults' insurance carrier, for $100,-000.00 which was the policy limits on the Shinault vehicle.

On the day of the wreck, the Plaintiff was insured by Defendant State Farm. This insurance policy contained liability limits of $50,000.00 per person, $100,000.00 per accident and underinsured motorist coverage limits of $50,000.00 per person and $100,000.00 per accident. Early in 1989 the Plaintiff filed an action in the Circuit Court of Mercer County to recover $50,000.00 from State Farm pursuant to the underinsured motorist coverage provisions of the insurance policy. State Farm removed the action to this Court on May 9, 1989. Subsequent to the removal, the parties respectively moved for judgment on the pleadings.

The Court granted State Farm's motion for judgment on the pleadings on March 6, 1990 and denied Plaintiff's motion on the same date. The Court ruled that the Plaintiff did not meet the definition of an underinsured motorist under West Virginia Code § 33–6–31(b). Upon granting judgment on the pleadings in favor of State Farm, the Court entered a judgment order on the same date and dismissed the case with prejudice.

About five months later on August 1, 1990, the Plaintiff filed a motion for the Court to reconsider its March 6 decision in light of a July 20, 1990 West Virginia Supreme Court of Appeals opinion in the matter of *State Automobile Mutual Insurance Co. v. Youler,* — W.Va. —, 396 S.E.2d 737 (W.Va.1990). Plaintiff later supplemented his motion to reconsider on December 20, 1990 with a letter calling to the Court's attention the December 1990 West Virginia high court opinions in *Pristavec v. Westfield Insurance Co.,* — W.Va. —, 400 S.E.2d 575 (W.Va.1990) and *Brown v. Crum,* — W.Va. —, 400 S.E.2d 596 (W.Va.1990). State Farm responded to Plaintiff's motion by filing a brief with the Court on August 14, 1990. Originally, the Plaintiff asked the Court to grant leave to certify questions of law to the West Virginia Supreme Court of Appeals. However, in providing the Court with copies of the *Pristavec* and *Crum* opinions, the Plaintiff, we believe effectively retracted its request for certification and now seeks reversal of the Court's March 6, 1990 Order. For reasons stated below, Plaintiff's Motion to Reconsider is hereby ORDERED DENIED.

### II. Discussion

#### A.

■ Plaintiff moves under Rule 60(b) of the Federal Rules of Civil Procedure for the Court to reconsider and, ostensibly, set aside its earlier order granting State Farm's motion for judgment on the plead-

ings. A Rule 60(b) motion for relief from a judgment is not a substitution for an appeal. *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Flett v. W.A. Alexander Co.,* 302 F.2d 321 (7th Cir.), *cert. den.,* 371 U.S. 841, 83 S.Ct. 71, 9 L.Ed.2d 77 (1962). To come under the purview of Rule 60(b), the Plaintiff at bar must make a showing that his motion was filed within a reasonable time, that he has a meritorious defense or legal position in spite of an earlier ruling by the Court or jury verdict, that there is a lack of unfair prejudice to State Farm and that exceptional circumstances exist. *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984). Once such a showing is made, he must then satisfy one or more of Rule 60(b)'s six grounds for relief from judgment. *Id.* The Court finds that the Plaintiff filed his motion in a reasonable period of time inasmuch as the filing was triggered by *Youler, supra,* which was released approximately four and one-half months after the Court's adverse ruling to the Plaintiff. The Court also finds that Plaintiff's arguments on brief in support of his motion for judgment on the pleadings are of some merit though not entirely persuasive. Additionally, the Court is of the belief that State Farm is neither unduly nor unfairly prejudiced by this post judgment motion given that this protracted proceeding and added expenses related thereto do not constitute prejudice within the meaning of Rule 60(b). *Werner,* 731 F.2d at 207. Lastly, exceptional circumstances appear to surround this motion as the highest court in West Virginia has addressed issues of insurance law relating to underinsured motorist coverage since our March 1990 judgment order.

Notwithstanding all of this, the Plaintiff in his papers neglects to inform the Court which ground(s) for relief he asserts as set forth in subsections (1)–(6) of Rule 60(b). We surmise from Plaintiff's papers that his motion lies within the scope of subsections (5) and (6) as his tendering of the *Youler, Pristavec* and *Brown* opinions is tantamount to arguing that there has been a change in law.[1]

### B.

As the judgment entered by this Court in favor of State Farm has not been released or discharged or appear to have prospective application, *see generally Twelve John Does v. District of Columbia,* 841 F.2d 1133 (D.C.Cir.1988), the only possible Rule 60(b)(5) ground Plaintiff's motion may rest upon is that a prior judgment upon which the Court based its judgment has been reversed or vacated. Appellate courts have adopted a narrow construction of this provision of Rule 60(b)(5) and limit its application to cases in which the present judgment is founded on the prior judgment in the sense of res judicata or collateral estoppel. *Schwartz v. United States,* 129 F.R.D. 117 (D.Md.1990). Thus, it is well settled that a change of law after a judgment has become final is not a sufficient basis for vacating the judgment. *Berryhill v. United States,* 199 F.2d 217, 219 (6th Cir.1952); *Title v. United States,* 263 F.2d 28, 31 (9th Cir.), *cert. den.* 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959); *Lubben v. Selective Service System Local Board No. 27,* 453 F.2d 645, 650 (1st Cir. 1972); *DeFilippis v. United States,* 567 F.2d 341, 343 (7th Cir.1977). Under these authorities, Plaintiff is not entitled to relief from our March 6, 1990 judgment order pursuant to Rule 60(b)(5). More importantly, however, the Court believes that *Youler, Pristavec* and *Brown, supra,* do not represent a change of law within the meaning of Rule 60(b)(5).

In *Youler* the West Virginia Supreme Court of Appeals held that West Virginia Code § 33–6–31(b) contemplated recovery up to underinsured motorist coverage limits from one's insurer of full compensation

---

**1.** Rule 60(b) provides in pertinent part: "On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: .... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

for damages not compensated by a negligent tortfeasor who, at the time of the accident, owned or operated an underinsured motor vehicle. *Youler*, 396 S.E.2d at 748. The high court accordingly determined that the amount of a tortfeasor's motor vehicle liability insurance coverage available to the injured person was to be set off against the total amount of damages sustained by the injured person instead of the limits of underinsured motorist coverage. *Id* at 749. In so holding, the Supreme Court of Appeals rejected arguments by Defendant State Automobile Mutual Insurance Company that the 1988 amendments to § 33-6-31(b), which precluded setoffs of liability insurance coverage against underinsured motorist coverage limits, indicate a change in the law such that prior to 1988 the statute permitted insurers to setoff an insured's underinsured motorist coverage with the tortfeasor's liability insurance. *Id.* at 750. Writing for the Court, Justice McHugh responded to the insurer's argument as follows:

> We disagree. In light of the clear "all sums ... as damages" language in the statute prior to 1988, this Court believes that the 1988 additions in this regard to the statute constitute only a *clarification of the legislature's original intent* to preclude the type of setoff proposed by State Auto here.

*Id.* (emphasis added).

In *Pristavec* the state high court held that underinsured motorist coverage is activated under West Virginia Code § 33-6-31(b) when the amount of a tortfeasor's motor vehicle liability insurance actually available to the injured person in question is less than the total amount of damages sustained by the injured person, regardless of the comparison between liability insurance limits actually available and the underinsured motorist coverage limits. *Pristavec*, 400 S.E.2d at 582. The *Pristavec* court arrived at its holding via statutory construction of § 33-6-31(b). Specifically, the Court analyzed § 33-6-31(b) in its

entirety, focused on the spirit of the statute rather than its letter, and recognized its remedial character, citing *Perkins v. Doe*, —— W.Va. ——, 350 S.E.2d 711 (1986), in which a liberal construction of the statute would be necessary to effectuate its purpose. *Id.*, 400 S.E.2d at 581–582. Through this exercise, the high court justices, save one,[2] ascertained that the legislature intended an expansive definition of the term "underinsured motor vehicle" that is consistent with the preeminent public policy of the underinsured motorist statute: to provide full compensation, not to exceed coverage limits, to an injured person for his or her damages not compensated by a negligent tortfeasor. *Id.*

Finally in *Brown* the West Virginia Supreme Court of Appeals reemphasized its holdings in *Youler* and *Pristavec*, to wit, § 33-6-31(b) precludes offsets of amounts paid by a tortfeasor's insurer against the underinsured motorist policy limits of an insurance carrier. The Court further remarked:

> This preclusion of offsets was the *public policy of this state prior to the 1988 amendments* which explicitly added such [offset] language to W.Va.Code § 33-6-31(b). Consequently, the 1988 amendments are to be applied retroactively to govern the resolution of the present controversy.

*Brown*, 400 S.E.2d at 599 (emphasis added).

Overall, we find that in the trilogy of cases discussed above the West Virginia Supreme Court of Appeals has not changed insurance law as it relates to underinsured motorist coverage but has simply provided clarity through a critical analysis of legislative intent and state public policy. Such clarification by the high court, we believe, does not give rise to a change of law. Only the original legislative intent of § 33-6-31(b) has been judicially ascertained and recognized. While these three decisions clearly affect the manner in which attorneys practice insurance law as it relates to underinsured motorist coverage, we do not

---

**2.** Chief Justice Richard Neely dissented. *See* *Pristavec*, 400 S.E.2d at 583.

believe that this constitutes a change of law within the meaning of Rule 60(b)(5).[3]

### C.

 Rule 60(b)(6) of the Federal Rules of Civil Procedure is the "catchall" provision of the rule in that a district court may grant relief for any reason other than the enumerated reasons found in subsections (1)–(5) that justifies relief from the operation of a judgment. Fed.R.Civ.P. 60(b)(6); *Tomlin v. McDaniel,* 865 F.2d 209, 211 (9th Cir.1989). A motion filed pursuant to Rule 60(b)(6) may be granted in cases of "extreme hardship" where relief would not be available under any of the other provisions of Rule 60(b). *Schwartz, supra,* 129 F.R.D. at 122.

It is well established that a change in decisional law is not grounds for relief from judgment under Rule 60(b)(6). *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754 (2nd Cir.1986), citing *Ackermann, supra,* and *Loucke v. United States,* 21 F.R.D. 305 (S.D.N.Y.1957). Thus, Plaintiff's apparent change of law argument necessarily fails. But having determined that *Youler, Pristavec* and *Brown* have clarified rather than changed the law at issue, we turn to consider whether extreme hardship exists in the case at bar which would warrant Rule 60(b) relief.

Plaintiff's motion was originally intended for this Court to certify questions of law to the West Virginia Supreme Court of Appeals. Plaintiff's filing of the motion shortly after the release of *Youler* was the first mention of or request for certification. The movant decided not to move for certification before entry of judgment on the pleadings on March 6, 1990. The movant also decided not to appeal this Court's decision. Had he appealed the judgment to the United States Court of Appeals for the Fourth Circuit, certification may have been possible. When a party makes free and conscious choices regarding the conduct of litigation, such a party cannot obtain relief under Rule 60(b)(6). *Ackermann,* 340 U.S. at 198, 71 S.Ct. at 211. The Plaintiff made calculated and deliberate decisions not to move for certification before entry of judgment or appeal the judgment thereafter. Hence, we do not find extreme hardship that would compel granting relief inasmuch as the Plaintiff knowingly and voluntarily passed over the means to protect his interest in litigation and possibly achieve his desired outcome.

Our decision here not to grant relief under Rule 60(b)(6) is in step with the interest in finality of judgments. Furthermore, principles of fairness among litigants prohibits allowing a nonappealing party to benefit from the efforts of those who choose to press their cases through the appellate and certification processes. *Cf. Watson v. Symons Corp.,* 121 F.R.D. 351, 355 (N.D.Ill.1988).

IT IS SO ORDERED.

---

**3.** As an afterthought, the Court notes Publication No. 8 of the West Virginia Trial Lawyers Association ALERT dated December 18, 1990 wherein the editors at the bottom of page two opine:

"The decisions referenced above (in *Pristavec* and *Brown*) provide a much needed *clarification* regarding applicability of underinsured motorist coverage in automobile insurance policies." (emphasis added)