Ronald W. **DOWELL,** Administrator of the Estate of Jackie Lynn Dowell, Deceased, Plaintiff–Appellant,

v.

**STATE FARM FIRE AND CASUALTY AUTOMOBILE INSURANCE COMPANY,** Defendant–Appellee.

No. 92–1146.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 29, 1992.

Decided May 7, 1993.

Michael Eugene Froble, Katz, Kantor & Perkins, Bluefield, WV, argued for plaintiff-appellant.

Ben B. White, III, Whites' Law Offices, Princeton, WV, for defendant-appellee.

Before WIDENER and HALL, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.

## OPINION

WIDENER, Circuit Judge:

The sole issue on appeal is whether the district court abused its discretion in denying Fed.R.Civ.P. 60(b) (Rule 60(b)) relief predicated on a change in state decisional law. We are of opinion that the district court did not abuse its discretion and we affirm its decision denying Rule 60(b) relief.

### I.

The particular facts giving rise to the original cause of action are sufficiently detailed in the district court's opinion, see *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 774 F.Supp. 996 (S.D.W.Va.1991), and we will restate only the facts pertinent to this appeal. After a judgment in his favor on account of the death of his daughter in an automobile accident, Dowell sought to recover from State Farm the limits of his uninsured motorist coverage. 774 F.Supp. at 998. After the action was removed to federal court, both Dowell and State Farm moved for judgment on the pleadings. 774 F.Supp.

at 998. Because the district court found that Dowell did not fit within the definition of an uninsured motorist under W.Va.Code § 33-6-31(b), the district court granted State Farm's motion and dismissed the case with prejudice. 774 F.Supp. at 998. Prior to the district court's decision Dowell did not ask the district court to certify to the West Virginia Supreme Court of Appeals any questions regarding the proper interpretation of West Virginia Code § 33-6-31(b). 774 F.Supp. at 1001. Similarly, Dowell chose not to appeal the district court's interpretation of § 33-6-31(b) (the uninsured motorist statute). 774 F.Supp. at 1001.

Approximately five months after the district court's judgment granting State Farm's motion, Dowell filed a Rule 60(b) motion requesting that the district court reconsider its decision in light of the subsequent West Virginia Supreme Court of Appeals decision in *State Automobile Mutual Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737 (1990).[1] *Dowell*, 774 F.Supp. at 998. Although Dowell did not specify whether he was relying on Rule 60(b)(5) or (6), the district court analyzed his motion under both sections. 774 F.Supp. at 999–1001.

Under Rule 60(b)(5), the district court held that the final judgment could not be vacated on the basis of such a subsequent change in the law. 774 F.Supp. at 999 (citations omitted). The district court also held that under Rule 60(b)(6) the change in decisional law was not sufficient grounds for relief from judgment. 774 F.Supp. at 1001. Not ending its inquiry there, the district court also held that Dowell did not fit within the extreme hardship exception of Rule 60(b)(6) because Dowell knowingly and voluntarily chose not to appeal the district court's decision. 774 F.Supp. at 1001. From the district court's denial of his Rule 60(b) motion Dowell appeals.

---

1. Dowell's original post-judgment motion requested a certification of questions of law to the West Virginia Supreme Court of Appeals. *Dowell*, 774 F.Supp. at 998. However, Dowell later supplemented his motion with two more West Virginia Supreme Court of Appeals decisions, *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990) and *Brown v. Crum*, 184 W.Va.

352, 400 S.E.2d 596 (1990). *Dowell*, 774 F.Supp. at 998. Because Dowell supplemented his motion with these later decisions, the district court held that Dowell had effectively retracted his request for certification and now was seeking a reversal of the district court's decision. 774 F.Supp. at 998.

## II.

■ It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. See *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). Therefore, before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). 731 F.2d at 207.

■ Without addressing whether Dowell has satisfied the threshold requirements of Rule 60(b), we proceed to the merits of whether or not Dowell fits within section (5) or (6) of Rule 60(b).[2] As correctly noted by the district court, merely such a decisional change in the law subsequent to the issuance of a final judgment, especially, as here, where the earlier judgment is neither res judicata nor provides collateral estoppel, does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5). See *Hall v. Warden,* 364 F.2d 495, 496 (4th Cir.1966) (en banc) (refusing to vacate final judgment on basis that it was erroneous in light of later Supreme Court decision effecting change in decisional law). Therefore, we are of opinion that Dowell is not entitled to relief under Rule 60(b)(5).[3]

■ Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule 60(b)(6). First, as under Rule 60(b)(5), such a change in decisional law subsequent to

a final judgment provides no basis for relief under Rule 60(b)(6). See *Hall,* 364 F.2d at 496. Second, a court may grant relief under Rule 60(b)(6) if "such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Although the Supreme Court in *Klapprott* granted petitioner relief under Rule 60(b)(6), the Court's subsequent decision in *Ackermann v. United States, supra,* limited the broad language of *Klapprott* to situations involving extraordinary circumstances. See *Ackermann,* 340 U.S. at 202, 71 S.Ct. at 213. In reaching its decision in *Ackermann,* the Court stated that "[b]y no stretch of imagination can the voluntary, deliberate, free, untrammeled choice of petitioner not to appeal compare with the Klapprott situation." 340 U.S. at 200, 71 S.Ct. at 212. As did Ackermann, Dowell made a "voluntary, deliberate, free, [and] untrammeled choice," 340 U.S. at 200, 71 S.Ct. at 212, not to appeal the decision of the district court granting State Farm's motion for summary judgment. Again, like Ackermann, Dowell made

> a considered choice not to appeal.... His choice was a risk, but calculated and deliberate and such as follows a free choice. [Dowell] cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.... There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

340 U.S. at 198, 71 S.Ct. at 211. Accordingly, we are of opinion that Dowell is not entitled to relief under Rule 60(b)(6).

Because we are of opinion that the district court did not abuse its discretion, the deci-

---

**2.** From Dowell's brief it still is difficult to determine if Dowell is seeking relief under Rule 60(b)(5) or (6). Although Dowell argued at oral argument that Rule 60(b)(6) is the section on which he relies, we will address the applicability of both sections (5) and (6).

Fed.R.Civ.P. 60(b) states in pertinent part:
  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it

is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**3.** Because of our holding we, unlike the district court, do not address whether or not the West Virginia Supreme Court of Appeals decisions cited by Dowell actually represent a change in law that would benefit Dowell. For the purpose of this opinion, we assume that they may.

sion of the district court to deny Dowell's Rule 60(b) motion is

AFFIRMED.