UNITED STATES of America, Plaintiff,

v.

$4,299.32 U.S. CURRENCY, et al., Defendants,

and

Kenneth Herbert Linn, Claimant.

No. C87–715Z.

United States District Court, W.D. Washington.

April 16, 1996.

Richard E. Cohen, U.S. Attorney's Office, Seattle, WA, for plaintiff.

Kenneth Herbert Linn, FCI Fort Worth, Fort Worth, TX, Pro se claimant.

## ORDER

ZILLY, District Judge.

THIS MATTER comes before the Court on claimant's motion for relief from judgment, docket no. 139. The Court, having reviewed the pleadings in support of and in opposition to the motion, now DENIES the motion. The Court further DENIES claimant's motion for a stay of the motion, docket no. 146.

## BACKGROUND

Claimant was tried and convicted in 1987 for various narcotics offenses and was sentenced to a total of fourteen years' imprisonment. *United States v. Linn*, CR87–002R (W.D.Wash.1987), *aff'd*, 880 F.2d 209 (9th Cir.1989). Following the criminal trial, the United States commenced a forfeiture action against several items, including the 1983 Toyota Tercel that is the subject of this motion. Claimant appeared in the action to contest the forfeiture, but not on Double Jeopardy grounds. The Court entered a judgment of forfeiture as to the Toyota on January 10, 1989, and the Court of Appeals affirmed, *United States v. $4,299.32*, No. 92–35052, 914 F.2d 264 (9th Cir.1990) (unpublished disposition).

Four years later, the Ninth Circuit held that civil forfeitures are punitive and therefore implicate the Double Jeopardy Clause of the Fifth Amendment. *United States v. $405,089.23*, 33 F.3d 1210 (9th Cir.1994)

("*405k*"), *amended,* 56 F.3d 41 (1995).[1] Claimant now moves for relief from the judgment of forfeiture, pursuant to Fed.R.Civ.P. 60(b), on the ground that it constituted Double Jeopardy under the rule of *$405k.*

## DISCUSSION

### *Retroactivity Doctrines Do Not Apply*

■ Claimant argues that *$405k* must be applied retroactively, and that its retroactive application extends to cases in which final judgment has already been rendered. However, the retroactivity doctrines upon which claimant relies do not determine whether relief is appropriate under Rule 60(b).

The first doctrine on which claimant relies, defined by the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), determines when a court deciding a habeas corpus petition may disrupt the final criminal judgment by relying on intervening case law. The two cases in this circuit that have found *$405k* to be retroactive were habeas cases applying *Teague. See United States v. Tamez,* 881 F.Supp. 460 (E.D.Wash.1995); *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994).

By its own terms, *Teague* does not apply to Rule 60(b) motions for relief from judgment. The *Teague* Court tailored its rule to the habeas context, taking into account the "interests of comity and finality [that must] ... be considered in determining the proper scope of habeas review." *Teague,* 489 U.S. at 308, 109 S.Ct. at 1074. The Court cited the criminal law system's need for finality in order to produce a deterrent effect, 489 U.S. at 309, 109 S.Ct. at 1074–75, and the costs imposed on the states by habeas review, 489 U.S. at 310, 109 S.Ct. at 1075. The Court balanced these considerations against the role of habeas review in assuring the integrity of criminal trials. 489 U.S. at 308, 109 S.Ct. at 1074. The careful balance achieved by *Teague* does not apply where, as here, a court is asked to vacate a judgment it has previously entered in a civil case.

■ The second doctrine on which claimant relies determines when a court should apply new law to a case pending before it. This doctrine originated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), which held that new rules must be applied to pending cases unless certain equitable factors are present. *Chevron* followed the general rule that a court deciding a civil case must apply the law that is in effect when it makes its decision. *See U.S. v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801). More recent cases hold that when a court announces a new rule and applies it to the parties before it, that new rule must be applied to all pending cases so that similarly situated litigants are not treated unequally. *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).[2]

The retroactivity rules of these cases do not apply to the question of whether to grant relief from a final judgment. Otherwise, all final judgments could be vacated whenever the law changed. That is not what the Supreme Court contemplated when it created this doctrine. *See Harper,* 509 U.S. at 97, 113 S.Ct. at 2517, 125 L.Ed.2d at 86 (requiring retroactive application of new rules only to "cases still open on direct review"); *Beam,* 501 U.S. at 541, 111 S.Ct. at 2446, 115 L.Ed.2d at 492 ("Of course, retroactivity in civil cases must be limited by the need for finality; once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed.") (citation omitted); *see also United States v. Real Property Located at 12310 Short Circle,* 162 F.R.D. 136, 138 n. 3 (E.D.Cal.1995) (holding that *$405k* cannot support a Rule 60(b) motion for relief from a final civil judgment and stating that "the principle of retroactive application of controlling decisions applies only to application in other civil cases *which*

---

1. The Supreme Court has granted certiorari *sub nom United States v. Ursery,* — U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

2. *Chevron*'s three-factor analysis still applies when a court announces a new rule but does not apply it to the litigants before it. *Holt v. Shalala,* 35 F.3d 376, 380 n. 3 (9th Cir.1994).

*are not yet final* at the time the controlling decision is issued").

Whether *§405k* applies to this motion can be answered only with reference to Rule 60(b) itself. Claimant relies on three different subsections of 60(b).

### 60(b)(4)

■ This subsection permits relief from a judgment that is "void." It applies when a judgment has been issued without subject matter jurisdiction or a court has acted "in a manner inconsistent with due process of law." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985) (quoting 11 Wright & Miller, *Federal Practice & Procedure* at 192, 200).

■ Claimant essentially argues that the judgment was void under the principles stated in *§405k*. However, erroneous subjection to Double Jeopardy does not constitute lack of jurisdiction or denial of due process. Even if claimant were correct in arguing that the principles underlying *§405k* should have been applied to his forfeiture case, and thus that the judgment was erroneous, Rule 60(b)(4) still would not apply. Not every constitutional error renders a judgment "void."

### 60(b)(5)

■ This subsection permits relief from a judgment when "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.P. 60(b)(5). It is well-settled that this section applies only when the law of the case changes, not when decisional law changes. *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1989). Therefore, "a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." *Id.; see also Clifton v. Attorney Gen'l of Calif.*, 997 F.2d 660, 665 (9th Cir.1993) (same).

### 60(b)(6)

■ This subsection applies when there is "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). It is known as the "catch-all provision," *Clifton*, 997 F.2d at 665, and it may be invoked whenever "extraordinary circumstances" entitle the movant to relief. *Tomlin*, 865 F.2d at 210. A change in the law does not alone constitute an extraordinary circumstance within the meaning of Rule 60(b)(6). For example, *Tomlin* denied relief to a movant whose civil rights suit had been dismissed as time-barred shortly before the Supreme Court announced a new rule under which the claim would have been timely. 865 F.2d at 210. The fact that the judgment of dismissal became final before the law changed was "the rock on which [the movant's] arguments founder." *Id.* at 211. The court did not find the unfortunate timing that led to movant's demise to be an extraordinary circumstance.

Some cases have identified circumstances in which a change in decisional law warrants relief under 60(b)(6). For example, when judgment in a federal diversity case is based on an interpretation of state law later determined to be incorrect in light of a subsequent state court decision, the policy of federalism that guides choice of law may require relief from the erroneous judgment. *See, e.g., Pierce v. Cook & Co.*, 518 F.2d 720, 723 (10th Cir.1975) ("The federal courts in which plaintiffs were forced to litigate have given them substantially different treatment than that received in state."), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976); *but see Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir.1995) ("Our role as an *Erie* court strengthens, rather than undermines, the proposition that a change in decisional law is insufficient to constitute an extraordinary circumstance."). This case lacks the extra ingredient that such policy concerns may add to the Rule 60(b) inquiry.

■ Claimant argues that 60(b)(6) relief may be appropriate when new decisional law achieves a clarification of, rather than a change in, the law. He cites *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 774 F.Supp. 996, 1001 (S.D.W.Va.1991), for this distinction.[3] However, the distinction noted

---

3. *Dowell* ultimately refused to grant relief be-    cause the movant had not appealed the judgment

in *Dowell* is of no practical consequence. *Dowell* held that a movant must show "extreme hardship" in order to obtain relief based on a clarification. *Id.* That is essentially the standard that applies to all Rule 60(b)(6) motions. Thus, the relevant issue is not whether *$405k* changed or clarified the law; the issue is whether claimant can demonstrate extraordinary circumstances entitling him to relief from judgment. He cannot. The mere fact that, under current decisional law, claimant's Toyota would not have been forfeited is not a sufficient extraordinary circumstance to warrant relief.[4]

Further, the Court disagrees that *$405k* merely clarified existing law. The *$405k* opinion states: "A decade ago, the law was clear that civil forfeitures did not constitute 'punishment' for double jeopardy purposes." 33 F.3d at 1218 (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)). To the extent that the distinction matters, therefore, the Court finds that *$405k* achieved a change in, rather than a clarification of, the law.

*Not Within a Reasonable Time*

In addition to demonstrating extraordinary circumstances, the claimant must show that he made his motion "within a reasonable time" in order to obtain relief from judgment. Fed.R.Civ.P. 60(b). The amount of

time that is reasonable depends upon the circumstances, with emphasis on the possibility of prejudice to the opposing party and the reason for the delay. *Pacific Far East,* 889 F.2d at 249. Whether the delay was reasonable also necessarily depends on when the Court finds that claimant should have known that his Double Jeopardy rights had been compromised by the civil forfeiture.

*$405k* was decided on September 6, 1994. The Court assumes for the purposes of this motion that claimant knew of his ground for relief by September 6, 1994, when *$405k* first was decided.[5] Claimant filed this motion over one year after that date and offers no explanation for the delay. This motion is not timely under Rule 60(b)(6).

## CONCLUSION

The Court finds that claimant is not entitled to relief from the final judgment of forfeiture. The Court further denies claimant's motion to stay consideration of this motion. No further briefing is required. Should claimant file additional motions, he may move for extensions of time when necessary.

IT IS SO ORDERED.

---

**4.** *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir.1989), followed this rule in the bankruptcy context, holding that a clarification of the law may, in conjunction with other circumstances, warrant relief from judgment. In *Pacific Far East,* the law was clarified after judgment to show that the bankrupt had paid an erroneously high fee. The court relied on two factors to permit relief in the form of a partial refund. First, the parties could not appeal, so a post-judgment motion was the only means to obtain relief. Second, the judgment from which the movant sought relief had been based on a stipulation by the parties. Thus, the contract law principle of "mutual mistake" applied. Claimant in this case does not point to a similar legal or equitable reason to grant relief.

**5.** One might argue that claimant should have brought this motion when the cases on which *$405k* relied were decided. *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d

488 (1993) (holding Eighth Amendment applicable to civil forfeitures and cited as controlling in *$405k*); *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (holding Double Jeopardy Clause applicable to civil penalties under the False Claims Act). Two cases have found that the 1989 case, *Halper,* should have put litigants on notice of the Double Jeopardy argument. *See United States v. One Parcel of Real Property at 88843 Ross Lane,* 907 F.Supp. 336 (D.Or.1995); *12310 Short Circle,* 162 F.R.D. at 138. However, in 1992 the Ninth Circuit held the Double Jeopardy Clause inapplicable to civil forfeitures. *United States v. McCaslin,* 959 F.2d 786 (9th Cir.), *cert. denied,* 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992). Further, other circuits have found that these Supreme Court cases do not require application of the Double Jeopardy Clause to civil forfeitures. *See, e.g., United States v. Tilley,* 18 F.3d 295, 299–300 (5th Cir.1994); *United States v. One Single Family Residence,* 13 F.3d 1493, 1499 (11th Cir.1994). Therefore, this Court finds that a reasonable litigant would not have known of the grounds for the motion until *$405k* was decided.