UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CASTLES AUTO AND TRUCK SERVICE,
INCORPORATED,
                    *Plaintiff-Appellee,*

            v.

EXXON CORPORATION, d/b/a Exxon
Company, USA,
                    *Defendant-Appellant.*

No. 00-1453

CASTLES AUTO AND TRUCK SERVICE,
INCORPORATED,
                    *Plaintiff-Appellant,*

            v.

EXXON CORPORATION, d/b/a Exxon
Company, USA,
                    *Defendant-Appellee.*

No. 00-1543

CASTLES AUTO AND TRUCK SERVICE,
INCORPORATED,
                    *Plaintiff-Appellee,*

            v.

EXXON CORPORATION, d/b/a Exxon
Company, USA,
                    *Defendant-Appellant.*

No. 00-1991

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CA-90-166-3-V)

Argued: June 5, 2001

Decided: August 2, 2001

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed in part and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Richard Edwin Morton, KILPATRICK STOCKTON, L.L.P., Charlotte, North Carolina, for Appellant. Allen C. Brotherton, KNOX, BROTHERTON, KNOX & GODFREY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** David G. Redding, Arthur H. Jones, Jr., KILPATRICK STOCKTON, L.L.P., Charlotte, North Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Castles Auto and Truck Service, Incorporated brought this action against Exxon Corporation, asserting various claims arising from Exxon's alleged contamination of Castles' property. Castles having obtained a jury verdict, Exxon appeals primarily a district court order reconsidering a prior order granting Exxon a new trial. Castles cross-appeals the denial of its request for an award of prejudgment interest. We affirm in part and remand for an award of prejudgment interest.

## I.

Castles operated an automobile repair business adjacent to an Exxon petroleum storage facility on property Castles purchased from Exxon in 1981. In April 1989, Exxon discovered a discharge of petroleum into the soil at its facility and began efforts to clean up the leak and monitor its effects. Subsequently, it was determined that Castles' property also was contaminated with petroleum.

Castles brought this action against Exxon, claiming that its property had been contaminated by the discharge of petroleum at Exxon's facility and alleging negligence, fraudulent misrepresentation, trespass, nuisance, and statutory strict liability pursuant to the North Carolina Oil Pollution and Hazardous Substances Control Act (OPHSCA) of 1978, *see* N.C. Gen. Stat. §§ 143-215.75 to -215.104 (1999). Exxon defended by asserting that Castles had contaminated its own property.

At the conclusion of the trial,[1] the jury returned a special verdict form indicating that (1) Exxon negligently stored or handled petroleum products on its property, and its negligence proximately caused damage to Castles; (2) Castles discharged petroleum or hazardous products onto its own property, but was not negligent in so doing; (3) Exxon did not trespass on Castles' property; (4) Exxon did not create a nuisance; and (5) Castles was entitled to recover $500,000 in compensatory damages.

The trial judge subsequently granted Exxon's motion for judgment as a matter of law and set aside the jury verdict. As is relevant here, the judge held that the finding of the jury that Exxon had not trespassed on Castles' property compelled the conclusion that none of the petroleum entered onto or physically affected Castles' property. The trial judge therefore concluded that the jury must have found that the only injury suffered by Castles was a reduction in the market value of its property, which would not support the recovery under North Carolina law.

---

[1]The district judge heard the OPHSCA claims as nonjury matters simultaneously with the jury trial of the legal claims and found for Exxon on the statutory claims.

This court reversed, holding that a new trial, not judgment as a matter of law, is the proper remedy for inconsistent verdicts. *See Castles Auto & Truck Serv., Inc. v. Exxon Corp.*, 125 F.3d 847, 1997 WL 585748, at **2 (4th Cir. 1997) (per curiam) (unpublished table decision). We therefore remanded for consideration of whether a new trial was warranted. *See id.* We also rejected Exxon's argument on cross-appeal that the trial judge abused his discretion in admitting Castles' expert testimony concerning the cost to clean up the contamination. *See id.* at **2 n.3.

On remand, Castles moved for entry of judgment in its favor in the amount of the verdict plus prejudgment interest. However, the trial judge granted a new trial pursuant to Federal Rule of Civil Procedure 49(b) on the ground that the answers of the jury to the interrogatories were inconsistent with each other and with the verdict. *See* Fed. R. Civ. P. 49(b). The judge alternatively granted a new trial pursuant to Federal Rule of Civil Procedure 59(a) on the ground that the jury award would otherwise create a miscarriage of justice. As is relevant here, the trial judge decided that Castles' expert's testimony concerning the cost of remediation was too speculative to support the jury verdict. *See* Fed. R. Civ. P. 59(a).

Before a new trial could be had, the trial judge recused himself and a second judge was assigned to the case. Castles then moved before the second judge for reconsideration of the trial judge's grant of a new trial and again sought entry of judgment in its favor for the amount of the jury verdict plus prejudgment interest. The second judge concluded that Exxon had waived the right to any relief under Rule 49 by not timely objecting to the inconsistency that it raised in its appeal before this court. Nevertheless, this judge concluded that Exxon would be entitled to a new trial pursuant to Federal Rule of Civil Procedure 50 if he determined that the interrogatory answers and jury verdict were indeed inconsistent. *See* Fed. R. Civ. P. 50(b)(1)(B). As for the trial judge's ruling that the speculative nature of Castles' expert testimony warranted the grant of a new trial under Rule 59, the second judge determined that Exxon's failure to make a timely motion under that rule precluded any possible Rule 59 relief.

In a subsequent order, the second judge granted Castles' motion to reconsider the order granting a new trial. The second judge retreated

from his earlier conclusion that he had no authority to consider Exxon's entitlement to a new trial under Rule 59, stating that despite the concern he had expressed previously regarding "the potential applicability of Rules 49, 50, 51, and 59," he did "have the authority to order a new trial under one or more of the above-mentioned Federal Rules of Civil Procedure."[2] J.A. 199. Despite this change of opinion, the second judge addressed only the issue of the reconcilability of the verdicts, concluding that the findings submitted by the jury could be reconciled with each other and with the damages award by assuming that the jury was not aware that a subsurface invasion *into* property could constitute a trespass *on* property. The second judge did not explicitly discuss the trial judge's alternative ruling that the speculative nature of Castles' expert testimony warranted the grant of a new trial under Rule 59.

As a result of his reconsideration of the order granting Exxon a new trial, the second judge "direct[ed] the Clerk to enter the judgment upon the jury's finding of negligence by [Exxon] and an award of $500,000.00 to [Castles]." *Id.* at 202. Accordingly, judgment was entered in that amount, and no prejudgment interest was awarded.

Exxon appealed to this court the order reconsidering the grant of a new trial, and Castles cross-appealed the second judge's failure to award prejudgment interest. Castles subsequently moved the second judge to amend the judgment to award prejudgment interest, *see* Fed. R. Civ. P. 60(a), and Exxon moved the judge for relief from judgment and for a new trial on the basis of newly discovered evidence and on the basis that it was no longer equitable for the judgment to have prospective application, *see* Fed. R. Civ. P. 60(b)(2), (5). The judge denied Exxon's Rule 60 motion but granted Castles' motion, ruling that the failure to award prejudgment interest was inadvertent. The judge stated that he would amend the judgment to reflect an award of prejudgment interest if afforded an opportunity to do so through a limited remand from this court. Castles then moved this court for a

---

[2]The judge correctly reconsidered his conclusion that the time available for Rule 59 relief had expired. A motion for new trial under Rule 59 may be made "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). Here, no judgment was entered against Exxon prior to the trial judge's ruling that a new trial was warranted under Rule 59.

limited remand to correct the judgment to add an award of prejudgment interest, but we denied the motion.

Exxon appealed the order denying its Rule 60(b) motion as well as the order in which the second judge stated his intention to amend the judgment if given an opportunity to do so. That appeal was consolidated with the parties' other appeals.

## II.

### A.

Exxon first contends that the second judge erred in concluding that the interrogatory answers submitted by the jury could be reconciled with each other and with the verdict. Exxon argues in this regard that the jury finding that Exxon did not "commit a wrongful trespass on" Castles' property is inconsistent with its award of damages to Castles for negligence. J.A. 114. And, Exxon further maintains that the finding of no trespass demonstrates that the jury did not find that Exxon had physically invaded Castles' property, an essential element in Castles' negligence cause of action. We do not accept Exxon's logic.

"When the use of a special verdict form leads to apparently conflicting jury findings, the court has a duty under the seventh amendment to harmonize the answers, if it is possible to do so under a fair reading of them." *Gosnell v. Sea-Land Serv., Inc.*, 782 F.2d 464, 466 (4th Cir. 1986). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962). For purposes of determining reconcilability, it is immaterial that the interpretation of the jury charge made by the jury "may have been legally incorrect." *City of Richmond v. Madison Mgmt. Group, Inc.*, 918 F.2d 438, 458 n.19 (4th Cir. 1990). Whether special interrogatories and verdicts can be reconciled is a question of law that we review de novo. *See Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir. 1999), *cert. denied*, 528 U.S. 1182 (2000).

To reconcile the finding that Exxon did not trespass "on" Castles' property with a finding that Exxon's petroleum spread into Castles'

property, we need only assume, as did the second judge, that the jury was not aware that a *subsurface* invasion into property could constitute a trespass "on" the property. J.A. 114. Although Exxon argues that North Carolina law provides that even a *subsurface* invasion can constitute a trespass, that legal proposition is irrelevant here since the jury was not so informed. *See City of Richmond*, 918 F.2d at 458 n.19. Accordingly, the second judge correctly concluded that the findings of the jury were not inconsistent with each other or with the general verdict.

B.

Exxon next contends that the second judge erred in reconsidering the trial judge's grant of a new trial because the trial judge correctly based his ruling in part on a reconsideration of the admissibility of Castles' expert's testimony, and the second judge should have deferred to that decision. Castles maintains that the trial judge did not reconsider his decision to admit its expert's testimony, and therefore argues that whether such a ruling would have been within the trial judge's discretion is irrelevant.

We agree with Castles that the trial judge never reconsidered his evidentiary ruling. In his order granting a new trial, the trial judge stated that a new trial was required because "the damage award was based on mere speculation." J.A. 145. The trial judge explained,

> The only estimate of damages was a guess from one of plaintiff's experts, whom this court *doubts* would survive as a witness *if* his testimony were examined under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Forcing a party to pay damages that were supported only by the guess of one witness would loose a miscarriage of justice to which this court shall not be a willing party.

*Id.* (emphasis added). As the emphasized text indicates, the trial judge explicitly stated that he had *not* reexamined the admissibility of the testimony. Rather, his concern was that a damages award based only on that unpersuasive testimony would work a miscarriage of justice to Exxon. Having rejected both of Exxon's arguments on which it

bases its contention that the second judge erred in reconsidering the grant of a new trial, we affirm the second judge's order.

### III.

Following remand from this court, Exxon deposed Castles' expert. When questioned concerning the existence of a drain pipe crossing Castles' property, the expert testified that if such a pipe existed, there would be reason to suspect that there was a source of contamination of Castles' property for which Exxon was not responsible. Exxon subsequently moved for a new trial in light of this newly discovered evidence and on the ground that it was no longer equitable for the judgment against it to have prospective application. *See* Fed. R. Civ. P. 60(b)(2), (5). It now challenges the denial of that motion by the district court. We will address the application of subsections (b)(2) and (b)(5) seriatim.

### A.

First, the second judge correctly denied any relief under Rule 60(b)(2), which provides for relief based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Exxon concedes that by March 28, 2000, it possessed the evidence that it claims was "newly discovered." Because that date was only six days after the judgment was entered, Exxon was still within the 10-day time period within which it could have moved for a new trial. *See* Fed. R. Civ. P. 59(b).

### B.

The second judge also correctly held that Rule 60(b)(5) provided no basis for relief. As is relevant here, Rule 60(b)(5) allows a district court to relieve a party from a judgment when "it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Here, however, the judgment had no prospective application, but rather, was only a simple money judgment. *See* 12 James Wm. Moore et al., *Moore's Federal Practice* § 60-47[1][b] (3d ed. 2000) (explaining that simple money judgments have no prospec-

tive application, even when they have not yet been satisfied, and therefore are not subject to Rule 60(b)(5) motions). We therefore conclude that the second judge properly denied Exxon's Rule 60 motion.[3]

IV.

On cross-appeal, Castles argues that the second judge erred in failing to award prejudgment interest. Exxon maintains that this issue is not properly preserved for our review because no district judge ever explicitly denied Castles' request for prejudgment interest and Castles made no timely post-trial motion requesting a ruling. We disagree with Exxon and hold that Castles adequately raised the issue by repeatedly requesting prejudgment interest in its motions for judgment in the years following remand from this court. *See Bel-Bel Int'l Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1111 (11th Cir. 1998). Having requested an award of prejudgment interest on several occasions, Castles was not required to seek a post-trial ruling in order to preserve the issue for appeal. *See Charter Co. v. United States*, 971 F.2d 1576, 1581 (11th Cir. 1992).

As for the merits of the issue, Castles' entitlement to an award of prejudgment interest is clear. *See* N.C. Gen. Stat. § 24-5(b) (1999) (stating that an award of compensatory damages in a non-contract action "bears interest from the date the action is commenced until the judgment is satisfied"). Although Exxon inexplicably maintains that § 24-5(b) is discretionary, we conclude that the statute is unambiguously mandatory. We therefore remand to the district court for an award of prejudgment interest.[4]

---

[3]We note that even if Rule 60(b)(2) or 60(b)(5) otherwise applied, Exxon still would not be entitled to relief. "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted). Exxon clearly has not made these showings.

[4]Because of our disposition of this issue, we do not address Exxon's argument that the district court erred in its "attempt to add prejudgment interest under Rule 60." Supp. Br. of Appellant Exxon Mobil Corp. at 12.

## V.

For all the foregoing reasons, we affirm the order reconsidering the grant of a new trial, affirm the denial of Exxon's Rule 60 motion, and remand to the district court for an award of prejudgment interest.

*AFFIRMED IN PART AND REMANDED*