**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-2125**

_____

AARON KEVEN DANIELSON,

                    Plaintiff - Appellee,

          v.

ALBERTUS JOHANNES HUMAN,

                    Defendant - Appellant,

          and

JAN PETRUS HUMAN; H-POWER AMERICAS, INC.; H-POWER WORLDWIDE,
LLC; H-POWER ENERGY STORAGE TECHNOLOGIES, INC.; JOHN DOES 1-
100,

                    Defendants.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:12-cv-00840-FDW-DSC)

_____

Submitted:  January 31, 2017          Decided:  February 10, 2017

_____

Before GREGORY, Chief Judge, and KEENAN and WYNN, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John McKinley Kirby, II, LAW OFFICES OF JOHN M. KIRBY, Raleigh, North Carolina, for Appellant.  Aaron Keven Danielson, Appellee Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albertus Johannes Human appeals the district court's order denying relief on his untimely Fed. R. Civ. P. 60(b) motion for reconsideration of its entry of default judgment. We review the district court's finding that Human's Rule 60(b) motion was untimely for abuse of discretion. Moses v. Joyner, 815 F.3d 163, 166 (4th Cir.), petition for cert. filed, __ U.S.L.W.__ (U.S. Aug. 5, 2016) (No. 16-5507).

A district court "may set aside a final default judgment under Rule 60(b)," Fed. R. Civ. P. 55(c), and such a motion must be filed within "a reasonable time," Fed. R. Civ. P. 60(c)(1). A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted); see also Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (holding that a movant must show that his motion is timely, that he has a meritorious defense, and that there would be no unfair prejudice and that, "[i]f the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b)").

3

We conclude that the district court did not abuse its discretion in finding that Human's Rule 60(b) motion, filed more than 2 years after entry of judgment and more than 10 months after an enforcement action was filed, was untimely. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4