16 F.3d 408
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Larry M. AUSTIN, Plaintiff-Appellant,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, a municipal
corporation; Robert W. Hearn, Defendants-Appellees.
Larry M. Austin, Plaintiff-Appellant,
v.
City, a public body corporate; Robert W. Hearn, Executive
Director; Paul R. Benson; David D. Adams,
Defendants-Appellees.
 Nos. 93-1496, 93-1522.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 26, 1993.
Decided Dec. 30, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 David L. Moore, for appellant.
 Darrell Robert VanDeusen, Venable, Baetjer & Howard, for appellees.
 Stanley Mazaroff, Venable, Baetjer & Howard, for appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Larry Austin appeals the district court's judgment denying his motion, pursuant to Fed.R.Civ.P. 60(b)(6), to vacate its order dismissing his cause of action brought pursuant to 42 U.S.C. Sec. 1983. Because we find no merit in Austin's arguments, we affirm.
 
 I.
 
 2
 On August 14, 1992, Austin filed a complaint naming the Mayor of Baltimore, the City Council of Baltimore, and Robert W. Hearn, Executive Director of the Housing Authority of Baltimore City ("Housing Authority"), as defendants. The complaint alleged that Austin, a former special police officer employed by the Housing Authority, had been summarily terminated without adequate procedural due process in violation of 42 U.S.C. Sec. 1983.
 
 
 3
 Defendant Hearn filed a motion to dismiss or in the alternative for summary judgment. By its order dated December 14, 1992, the district court granted Hearn's motion, finding that Austin's complaint alleged a theory of vicarious liability not cognizable under 42 U.S.C. Sec. 1983. The district court accordingly dismissed Austin's action.[1]
 
 
 4
 Austin did not appeal the district court's judgment or move to alter or amend it. Instead, Austin filed a new action[2] naming the Housing Authority, Hearn, and two subordinate employees of the Housing Authority as defendants. Defendants filed a motion to dismiss asserting that the statute of limitations barred Austin's complaint. In response, Austin moved the district court, pursuant to Fed.R.Civ.P. 60(b)(6), to vacate its December 14, 1992 order granting Hearn's motion for summary judgment in Austin's first action and to treat the complaint filed in Austin's second action as an amended complaint in the first action. In support of his Rule 60(b)(6) motion, Austin alleged that the district court erred in applying the applicable substantive law to his case.
 
 
 5
 By its order of March 12, 1993, the district court denied Austin's motion to vacate. The district court also dismissed Austin's second action as barred by the statute of limitations. Austin appeals the district court's judgment denying his motion to vacate.[3]
 
 II.
 
 6
 The disposition of motions under Fed.R.Civ.P. 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion. National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993); Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984). We find that the district court did not abuse its discretion when it denied Austin's Rule 60(b)(6) motion to vacate.
 
 
 7
 Rule 60(b)(6) is a catchall provision which allows a court to grant relief from a final judgment where there is "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). This relief, however, may only be granted in situations involving extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950); Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir.1993).
 
 
 8
 In reaching its decision in Ackermann, the Supreme Court held that the "voluntary, deliberate, free, [and] untrammeled choice" of the petitioner not to appeal a judgment of the district court did not create the extraordinary circumstances required to obtain relief from a final judgment pursuant to Rule 60(b)(6). Ackermann, 340 U.S. at 200. We followed this holding in Dowell when we held that the district court did not abuse its discretion in denying appellant's Rule 60(b)(6) motion to vacate because the appellant "knowingly and voluntarily chose not to appeal the district court's decision." Dowell, 993 F.2d at 47.
 
 
 9
 Like the petitioner in Ackermann and the appellant in Dowell, Austin also made a "voluntary, deliberate, free,[and] untrammeled choice" not to appeal the district court's dismissal of his first action. Austin cannot circumvent the ramifications of this decision by filing a Rule 60(b)(6) motion to vacate supported only by his contention that the district court erred in applying the applicable substantive law. Accordingly, we are of the opinion that Austin is not entitled to relief under Rule 60(b)(6).
 
 III.
 
 10
 Because we are of the opinion that the district court did not abuse its discretion, the decision of the district court to deny Austin's Rule 60(b)(6) motion is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The Mayor and the City Council of Baltimore also filed motions to dismiss which the district court granted and Austin did not oppose
 
 
 [2]
 This second action also alleged a violation of 42 U.S.C. Sec. 1983 by the defendants
 
 
 [3]
 In a Notice of Appeal filed April 23, 1993, Austin also appeals the district court's judgment dismissing his second action as barred by the statute of limitations. Austin has conceded, in his Response to Defendants' Motion to Dismiss, that the statute of limitations barred his action and does not raise any argument in his brief to the contrary. We therefore affirm the district court's order dismissing Austin's second action as barred by the statute of limitations