40 F.3d 1243
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley O. GILLESPIE, Plaintiff-Appellee,
v.
Okey M. LANDERS, Jr., Defendant-Appellant,
and
Okey M. Landers, III; Landers Dodge, Incorporated, d/b/a
Landers Chrysler Plymouth Dodge, Incorporated; Western
Surety Company, a South Dakota Corporation; Landers Dodge,
Incorporated, a South Carolina Corporation; Chrysler Credit
Corporation, Defendants.
 No. 93-2496.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1994.
Decided Nov. 9, 1994.
 
 ARGUED: James B. Van Osdell, Van Osdell, Lester, Howe & Rice, P.A., Myrtle Beach, SC, for appellant. Charles Edward Hurt, Charleston, WV, for appellee. ON BRIEF: Cynthia Graham Howe, Van Osdell, Lester, Howe & Rice, P.A., Myrtle Beach, SC, for appellant.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 Reversed by unpublished per curiam opinion. Judge Hall wrote a dissenting opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Shirley Gillespie purchased a 1989 Chrysler Conquest automobile from Okey Landers, III (Landers III), at Landers Chrysler Plymouth Dodge, Inc. (Landers Dodge), a corporation owned by Landers III's father, Okey Landers, Jr. (Landers Jr.). She alleges that Landers III, an employee of Landers Dodge, represented to her that the automobile was new when in fact it had been used, wrecked, and restored. As a result, she filed this action in the District of South Carolina against Landers III, Landers Jr., and others, alleging various claims including violation of the South Carolina Unfair Trade Practices Act (UTPA), S.C.Code Ann. Secs. 39-5-10-160 (Law. Co-op.1985). Landers Jr. was joined as a defendant on the theory that as "the sole stockholder and principal of Landers Dodge," he was "responsible for the acts of [its] agents, servants and employees," including those of Landers III. J.A. at 14-15.
 
 
 2
 The jury returned a verdict against Landers III on two of Gillespie's claims which, trebled, resulted in a $12,000 judgment; Landers Jr., the only defendant involved in this appeal, was also found liable for $4,000 under the UTPA. In a post-trial order, the district court noted that "the primary wrongdoer was the son," Landers III, and that the liability of Landers Jr., the father, "was established by virtue of his control over the dealership." J.A. at 155. Based upon the jury's findings of liability, the district court ordered that Landers III and Landers Jr. pay Gillespie's attorney's fees and costs of $24,203.64. Landers Jr., took this appeal to contest the district court's award of attorney's fees and costs against him.
 
 
 3
 Prior to oral argument, the South Carolina Supreme Court issued its opinion in Plowman v. Bagnal, No. 24090, 1994 WL 268066, 1994 S.C. LEXIS 136 (S.C. June 13, 1994), in which it held that liability for corporate violations of the UTPA does not extend to defendants who are merely "controlling persons" of a corporation, id. at * 1-2, 1994 S.C. Lexis 136 at * 3. Rather, to be personally liable for a violation of the UTPA, a defendant must "personally commit, participate in, direct, or authorize the commission of [the] violation." Id. at * 2, 1994 S.C. Lexis at * 4.
 
 
 4
 Landers Jr. maintains that Plowman requires us to reverse the district court's award of attorney's fees and costs against him.* We agree. This award against him was granted under the UTPA and was authorized only if he was properly found liable under the UTPA, see S.C.Code Ann. Sec. 39-5-140(a) (Law.Co-op.1985) ("Upon the finding by the court of a violation of [the UTPA], the court shall award to the person bringing such action under [the UTPA] reasonable attorney's fees and costs."). Landers Jr. was not properly found liable, however, under the UTPA. As stated by the district court, his liability "was established by virtue of his control over the dealership," J.A. at 155; Plowman plainly indicates that such control is not a proper basis for liability under the UTPA. We, therefore, reverse the district court's award of attorney's fees and costs against Landers Jr.
 
 
 5
 REVERSED.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 6
 I dissent because I believe that the decision to reverse the fee award is necessarily premised on the legal conclusion that the unappealed September 13 judgment of UTPA liability was in error. I would instead limit our consideration of this appeal to the fee issues properly before us,[1] and I would affirm.
 
 
 7
 Although the majority insists that "the jury verdict against [Landers, Jr.] under the UTPA for $4,000" has not been challenged and that "we need not address Plowman 's effect on the $4,000 verdict" (majority op. 3, n. 1), the basis for the decision to overturn the fee award is the majority's conclusion that "Landers Jr. was not properly found liable ... under the UTPA." Majority op. 3 (emphasis added). He was found liable, that judgment was not appealed, and we are powerless to change the judgment on the merits in this proceeding.
 
 
 8
 Judgment was entered in accordance with the jury's verdict on July 20, 1993. With respect to Landers, Jr., this judgment comprised two essential rulings: (1) he was guilty of a violation of the South Carolina Unfair Trade Practices Act, and (2) the plaintiff was damaged in the amount of $4,000 as a result. On September 13, 1993, the district court granted Landers' post-trial motion to have this judgment offset by the $50,000 in settlements received by the plaintiff prior to trial from two of Landers' codefendants. The court, however, denied Landers' motion to have any attorney's fees that might be awarded in the future offset by the settlements. Thus, the judgment of a UTPA violation, if not the liability for damages, remained intact. The July 20 and September 13 orders were not appealed.
 
 
 9
 A fee award is mandatory: "Upon the finding by the court of a violation of [the UTPA], the court shall award to the person bringing such action under this section reasonable attorney's fees and costs." S.C.Code Ann. Sec. 39-5-140 (Law.Co-op.1985). On October 21, 1993, the district court ruled that Landers, Jr., was jointly liable with a codefendant for $24,203.64 in attorney's fees and costs. Landers, Jr., filed a timely notice of appeal from this order on November 19, 1993; this judgment is the only one before us.
 
 
 10
 The district court's July 20 order is the final judgment on the merits, and the subsequent filing of a motion for fees did not affect the running of the period for filing a notice of appeal.[2] See Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988). Had Landers, Jr., appealed both the July 20 and October 21 orders, and had Plowman been announced during the pendency of such appeals, the liability judgment would have fallen and would have taken the fee award with it. However, the happenstance of a definitive clarification of state law during the pendency of the fee appeal does not endow us with jurisdiction to reach back and effectively reverse the unappealed merits judgment. If we can decide appeals of fee awards by effectively reversing the underlying (and unappealed) merits judgment on the basis of recently announced law, then I cannot see why any fee award would not be subject to reversal on the basis of an incorrect application of extant law with regard to the unappealed judgment on the merits. Cf. Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46 (4th Cir.1993) (holding that the district court did not abuse its discretion in denying a Fed.R.Civ.P. 60(b) motion that was based on a change in state decisional law).
 
 
 
 *
 Although he appeals the award of attorneys' fees and costs, Landers Jr. does not challenge the jury verdict against him under the U.T.P.A. for $4,000. The district court held that Landers Jr. could offset against the $4,000 verdict the monies previously paid to the plaintiff in settlement by Western, the dealership and Chrysler. Landers, Jr. has not appealed that verdict, and, in like vein, Gillespie has not appealed the offset. So we need not address Plowman 's effect on the $4,000 verdict
 
 
 [1]
 In his opening brief to this court, Landers, Jr., raised three issues: (1) did the district court err in denying the request to offset the fee award with the settlements paid by two codefendants; (2) did the district court abuse its discretion in awarding fees in an amount more than six times the verdict against Landers, Jr.; and (3) did the district court err in refusing to apportion the fee award between Landers, Jr., and his more culpable codefendant
 
 
 [2]
 Landers, Jr. had 30 days from the entry of the September 13 order in which to appeal the July 20 order. Fed.R.App.P. 4(a)(4)(C)