UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY ROSE LOCKETT,
Plaintiff-Appellant,

v.

No. 96-2629

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-95-1337-AMD)

Submitted: April 30, 1998

Decided: May 26, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary Rose Lockett, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Donna Carol Sanger, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary Rose Lockett appeals from the district court's order denying her motion for reconsideration from the court's order granting summary judgment for the Defendant on Lockett's employment discrimination claims. Finding no abuse of discretion, we affirm.

This court reviews a district court's denial of a motion made pursuant to Fed. R. Civ. P. 60(b) for an abuse of discretion. See Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984). The motion is not intended to be used as a substitute for a timely and proper appeal. See Ackermann v. United States, 340 U.S. 193, 198 (1950). To be eligible for relief under Rule 60(b), the movant must make a showing of "timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984)).

In her motion, Lockett claims that she did not understand the scheduling deadlines set by the court and also restates her conclusory allegations that Appellees discriminated against her in violation of Title VII and the ADA. We find that the district court did not abuse its discretion in refusing to grant the Rule 60(b) relief based upon Lockett's claim that her failure to timely respond to the summary judgment motion was excusable. Lockett did not obtain an extension of time to respond. Further, her claim that she believed that each extension granted to the Defendant to file a motion for summary judgment automatically extended the time in which she could respond to the motion once it was filed is not sufficient to excuse noncompliance with the court's scheduling order. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986); Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962). Thus, because Lockett failed to make the required showing for relief under Rule 60(b), we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED