UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUDY COOMER,
Plaintiff-Appellee,

v.                                                                        No. 98-2236

MICHAEL COOMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-96-209)

Argued: November 30, 1999

Decided: July 20, 2000

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark S. Dessauer, HUNTER, SMITH & DAVIS, Kings-
port, Tennessee, for Appellant. Robert Tayloe Copeland, COPE-
LAND, MOLINARY & BIEGER, P.C., Abingdon, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Plaintiff-Appellee, Judy Coomer, filed a federal diversity action against Defendant-Appellant, Michael Coomer, on December 24, 1996, in the United States District Court for the Western District of Virginia (Abingdon Division). Mrs. Coomer alleged that Mr. Coomer breached a marital separation agreement formed in 1992. On April 8, 1998, the district court granted Mrs. Coomer's motion for summary judgment. Subsequently, on April 22, 1998, Mr. Coomer filed a motion to alter, amend, or vacate the district court's grant of summary judgment. The district court denied Mr. Coomer's motion. For the reasons discussed below, we affirm.

I.

When Mrs. Coomer filed her Complaint in December of 1996, Mr. Coomer filed an Answer and initially attempted to have the case dismissed on jurisdictional grounds. When this proved unsuccessful, Mr. Coomer stopped communicating with his counsel, David J. Hutton. As a result, Mr. Hutton moved to withdraw as counsel of record on October 6, 1997. A copy of the motion was forwarded to Mr. Coomer at 124 Viewbend, Johnson City, Tennessee 37601. On October 7, 1997, the district court granted Hutton's motion to withdraw and ordered Mr. Coomer to inform the court within thirty days whether he intended to proceed pro se or retain the services of another attorney. The court mailed a copy of the order to Mr. Coomer's Johnson City address.

Several months elapsed with no response from Mr. Coomer. On February 19, 1998, with the court still awaiting Mr. Coomer's response, Mrs. Coomer filed a motion for summary judgment. In support of her motion, Mrs. Coomer submitted a sworn affidavit outlining the two ways in which Mr. Coomer breached the marital separation agreement. A copy of the summary judgment motion was mailed to Mr. Coomer's last known residence in Johnson City. Also on February 19, 1998, the court entered an order instructing Mr. Coomer to respond to the motion within twenty days. The order, which advised Mr. Coomer that failure to respond to the order could

result in a final judgment against him, was again mailed to Mr. Coomer's address in Johnson City.

The deadline for Mr. Coomer's response passed without any reply. Consequently, the court proceeded to address the merits of Mrs. Coomer's summary judgment motion. After reviewing the terms of the separation agreement and Mrs. Coomer's sworn affidavit, the court determined that Mr. Coomer failed to meet his obligations as outlined in the separation agreement. Therefore, the court granted Mrs. Coomer's motion for summary judgment on April 8, 1998, and awarded her $113,740.66. The court mailed a copy of the judgment to Mr. Coomer's Johnson City address.

Unlike the previous court documents, which Mr. Coomer disavows receiving, Mr. Coomer acknowledged receipt of the April 8 judgment. Immediately thereafter, on April 22, 1998, Mr. Coomer filed a notice of appearance announcing that he had retained the law firm of Hunter, Smith & Davis as his legal counsel. On that same date, Mr. Coomer filed a motion pursuant to Fed. R. Civ. P. 52(b), 59(e) and 60(b) requesting that the district court alter, amend or vacate its April 8, 1998 order granting summary judgment in favor of Mrs. Coomer.

In support of his motion, Mr. Coomer alleged that he was not informed that his former counsel, Mr. Hutton, had moved to withdraw from the case or that he had been granted permission to do so by the court. Mr. Coomer further alleged that he was not aware that Mrs. Coomer had filed a motion for summary judgment or that the motion was under advisement by the court. Given this alleged lack of notice, Mr. Coomer argued that he was not afforded the opportunity to respond to the motion that ultimately resulted in a judgment against him. He argued that the case should be resolved on the merits after both sides had a full and fair opportunity to address the disputed issues.

Upon receipt of Mr. Coomer's motion, the district court contacted Mrs. Coomer's counsel and asked whether Mrs. Coomer opposed the motion. Mrs. Coomer stated her strong opposition, leading the district court to schedule a motion hearing for June 23, 1998. On June 22, 1998, Mrs. Coomer filed a memorandum detailing her disagreement with Mr. Coomer's motion. The district court evaluated the written

3

pleadings as well as the evidence presented at the hearing. In addition to arguments from counsel, a postal clerk from Johnson City, Tennessee (Nathaniel Harris) testified at the hearing. Mr. Coomer did not attend the hearing, despite having full notice of the proceeding.[1]

Subsequent to the hearing, the district court filed a Memorandum Opinion and entered an order denying Mr. Coomer's motion on July 23, 1998. On August 18, 1998, Mr. Coomer filed a notice of appeal to this court.

II.

Mr. Coomer appeals the district court's disposition in its entirety. In his brief and at oral argument, however, Mr. Coomer rested his motion to alter, amend, or vacate the district court's summary judgment order solely on Rule 60(b), effectively abandoning his earlier reliance on Rules 52 and 59. Accordingly, we will confine our discussion to Rule 60(b), treating it as the only colorable basis for the relief Mr. Coomer requests.

Mr. Coomer developed the following facts in support of his Rule 60(b) motion in a sworn affidavit filed on April 22, 1998. At the time Mrs. Coomer filed her lawsuit in December of 1996, Mr. Coomer alleges that he resided at 124 Viewbend Road, Johnson City, Tennessee. He alleges that he remained at this address until April of 1997, at which time he moved to his current address at 2716 Berkshire Lane, Kingsport, Tennessee 37660. Mr. Coomer also alleges that at the time of his move to Kingsport, either he or his wife (Mrs. Coomer) filed a change of address form at the Johnson City post office requesting that Mr. Coomer's mail be forwarded to his new address in Kingsport.

_____

[1] Mr. Coomer argues that he did not attend the hearing because he did not think evidence would be received during the proceeding. Had he known it was an evidentiary hearing, Mr. Coomer claims he would have been present. Mr. Coomer, however, had notice of the hearing six weeks before it occurred. The notice of hearing clearly indicated that the hearing's purpose was to evaluate Mr. Coomer's own motion. Because presentation of evidence is an elemental aspect of judicial hearings, we find Mr. Coomer's argument unavailing.

In his affidavit, Mr. Coomer also alleges that his last contact with his original counsel, Mr. Hutton, was in February 1997. Mr. Coomer maintains that he was never aware of Mr. Hutton's motion to withdraw as counsel. Mr. Coomer also states that he never received notice of Mrs. Coomer's motion for summary judgment. The only court document Mr. Coomer acknowledges receiving after February 1997 was the April 8, 1998 order granting judgment against him in the amount of $113,740.66.

Several key facts, however, belie Mr. Coomer's suggestion that he never received notice of the ongoing legal proceedings against him. The district court dutifully kept Mr. Coomer abreast of the status of this litigation, including Mr. Hutton's motion to withdraw, the court order permitting Mr. Hutton's withdrawal, and two subsequent orders instructing Mr. Coomer to reply to the court. All these notices were sent to Mr. Coomer's Johnson City address, and none were returned to the court by the postal service.

Indeed, the only document the post office ever returned was a copy of the April 8, 1998 order and memorandum opinion granting Mrs. Coomer's motion for summary judgment. Like the preceding notices, the April 1998 court documents were sent to Mr. Coomer's Johnson City address. When the post office returned the April 8, 1998 documents to the district court, however, there was a sticker appended to the return stating that the one-year mail forwarding period for the Johnson City address had expired and that Mr. Coomer's new address was in Kingsport.**2**

Thus, from at least April of 1997 until April of 1998, all mail sent to Mr. Coomer's Johnson City address was being forwarded to his new Kingsport address. Significantly, the court documents Mr. Coomer claims he never received were all sent to him when the mail forwarding period was in effect. The fact that these documents were never returned to the court by the post office raises an inference that the documents were in fact forwarded to Mr. Coomer's new Kingsport address, despite Mr. Coomer's claims to the contrary.

_____

**2** The court then re-mailed the April 8 order to Mr. Coomer's Kingsport address, where Mr. Coomer acknowledges receiving it.

Seizing on this chain of inferences, Mrs. Coomer argues that Mr. Coomer's failure to respond to the court documents has more to do with Mr. Coomer's evasiveness than with genuine lack of notice. Mr. Coomer's Rule 60(b) motion, in Mrs. Coomer's view, is simply an disingenuous effort to place blame on the court and the postal service for failing to keep him abreast of the status of the litigation.

III.

A. Standard of Review

Motions under Rule 60(b) are vested in the sound discretion of the trial court and should not be disturbed by an appellate court absent a showing that the trial court abused its discretion. See National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993). When the movant seeks relief from a default judgment, however, appellate courts apply the "abuse of discretion" standard of review somewhat less deferentially. See id.

While the instant case superficially resembles a default judgment (in that judgment against Mr. Coomer flowed from his failure to respond to Mrs. Coomer's motion for summary judgment), the district court granted summary judgment for Mrs. Coomer only after considering the merits of Mrs. Coomer's lawsuit. This distinguishes the instant case from the usual default judgment scenario, where the outcome follows solely from a procedural default, independent of the underlying merits of the claim. The cases modifying the "abuse of discretion" standard of review in the context of default judgments are therefore inapposite. An undiluted application of the "abuse of discretion" standard accordingly forms the appropriate framework for appellate review.

B. Controlling Legal Principles

Rule 60(b) states that a court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

6

(2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged;

(6) any other reason justifying relief from the operation of the judgment (the "catch-all" equitable provision).

Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief enumerated above. The four threshold showings are: (1) timeliness (i.e., the request for relief must be filed no later than one year after the date of the order from which the movant seeks relief); (2) a meritorious defense (i.e., the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) a lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. See Dowell v. State Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). District courts must rigorously examine these four predicate requirements because we have characterized Rule 60(b) relief as "extraordinary" and to be used only in "exceptional circumstances." See Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979). In the unlikely event the moving party can clear this onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b). See Dowell, 993 F.2d at 48.

The district court held that Mr. Coomer could not establish the four threshold requirements, thereby closing the gateway to potential Rule 60(b) relief. Even if the four predicate requirements were met, the court held that Mr. Coomer's motion for relief would still fail because his case did not fit within any of the six itemized grounds in Rule 60(b). We agree with the district court.

C. Mr. Coomer Can Not Make the Four Threshold Showings

While Mr. Coomer met the "timeliness" prong of the four-part threshold analysis (prong 1), he failed to offer a"meritorious defense"

7

(prong 2) and he failed to state "exceptional circumstances" (prong 4) justifying the extraordinary remedy afforded by Rule 60(b).

First, Mr. Coomer has not offered a "meritorious defense" to the allegations contained in Mrs. Coomer's summary judgment motion. Nowhere in the affidavit underlying his Rule 60(b) motion did Mr. Coomer make a credible argument contesting the district court's finding that, as a matter of law, he violated his obligations under the separation agreement.

While he did not directly state a defense in his affidavit, Mr. Coomer argues that the affidavit contained oblique references to his "Answer" to Mrs. Coomer's original complaint; and in his Answer, Mr. Coomer stated the affirmative defenses of failure of consideration, fraud in the inducement, estoppel, and set-off. Additionally, Mr. Coomer argues that his new counsel stated a defense of "inaccurate calculation of monies owed Mrs. Coomer" at the June 23, 1998 hearing on Mr. Coomer's Rule 60(b) motion.

The district court, however, had Mr. Coomer's "Answer" (and its accompanying affirmative defenses) in hand when it granted Mrs. Coomer's summary judgment motion and found Mr. Coomer in violation of the separation agreement. It is therefore unlikely that those preexisting defenses would change the outcome of the litigation were Mr. Coomer to receive a second bite at the apple under Rule 60(b). See Augusta Fiberglass v. Fodor Contracting, 843 F.2d 808, 812 (4th Cir. 1988) (holding that Rule 60(b) relief is only appropriate under the "meritorious defense" threshold analysis when there is a real possibility the outcome might be different after re-litigation). Thus, in order for Mr. Coomer to get a second bite at the apple under Rule 60(b), he needed to state additional, more compelling defenses in the affidavit supporting his Rule 60(b) motion. Yet he failed to do so, falling back on earlier defenses that the district court had already found unpersuasive. We therefore conclude that the district court did not abuse its discretion by finding that Mr. Coomer's affidavit failed to state a "meritorious defense."

Second, Mr. Coomer has failed to establish the existence of "exceptional circumstances." If anything, the facts reveal that Mr. Coomer's failure to respond to the court's orders and notices was probably a

8

deliberate attempt to delay the proceedings against him, rather than a genuine case of exceptional hardship created by never receiving notice in the first instance. The district court did not abuse its discretion by so concluding.

D. Mr. Coomer Can Not Satisfy Any Of The Six Criteria
      Enumerated In Rule 60(b)

Even if Mr. Coomer could successfully meet all four threshold requirements, his motion for relief would still fail when evaluated under the six criteria enumerated in Rule 60(b). Mr. Coomer correctly notes that the categories under Rule 60(b) are "broadly phrased", with substantial overlap among the six itemized grounds. See Compton, 608 F.2d at 102. Mr. Coomer complicates the analysis, however, by failing to specify which of the six grounds he believes is most pertinent to his situation.

Faced with this ambiguity, the district court analyzed Mr. Coomer's motion under Rule 60's "excusable neglect" provision (the first of the six itemized criteria). In determining whether the movant's neglect was excusable, the court considers whether the movant was at fault. See Home Port Rentals, Inc. v. Ruben , 957 F.2d 126, 132 (4th Cir. 1992). When the movant is at fault, the judicial system's interest in finality and efficiency presumptively prevails. To overcome this presumption, the movant must adequately defend his conduct in order to show that his neglect was truly excusable. See Heyman v. M.L. Marketing Co., 116 F.3d 91, 94 (4th Cir. 1997) (quoting Augusta Fiberglass, 843 F.2d at 811).

Mr. Coomer argues that his neglect of the court orders was excusable because he never received them. The district court did not abuse its discretion when it found this argument unpersuasive. Three orders were forwarded to Mr. Coomer's Johnson City address between October 1997 and April 1998. While Mr. Coomer was not living at the Johnson City address during this period, a one-year mail forwarding order was in effect, which would have routed all his Johnson City mail to his new Kingsport address. The allegedly missing court orders sent to Johnson City were never returned by the post office, raising a credible inference that Mr. Coomer received them through the mail forwarding system in Kingsport. As the district court noted (with a

9

justifiable degree of cynicism), it is hardly coincidental that the only court order Mr. Coomer admits receiving was the April 8 order awarding judgment against him in the amount of $113,000. Had Mr. Coomer shown even the slightest diligence in the period between April of 1997 and April of 1998, when judgment was entered against him, this whole situation could have been avoided. Mr. Coomer's conduct was, at best, irresponsible and, at worst, deliberately evasive. In either event, he may not avail himself of the extraordinary remedy afforded by Rule 60(b) on an "excusable neglect" theory.

In his brief, Mr. Coomer argues that his Rule 60(b) motion should instead be evaluated under Rule 60(b)'s fourth criterion ("the judgment is void") or, alternatively, the sixth criterion.[3]

Mr. Coomer's argument that the summary judgment order against him is "void," thereby satisfying Rule 60(b)'s fourth criterion, has some superficial appeal. The argument, however, is ultimately unpersuasive. Even if the district court's grant of summary judgment was in error (a proposition we reject), a judgment is not "void," within the meaning of Rule 60(b), merely because it is erroneous. It is void only if the court that rendered the judgment lacked subject matter jurisdiction, personal jurisdiction, or the judgment was inconsistent with due process requirements. See New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996). Mr. Coomer specifically argues that the granting of summary judgment against him was inconsistent with due process, given that he (allegedly) never received notice of Mrs. Coomer's motion for summary judgment and was never given an opportunity to respond.

The problem is that Mr. Coomer's story about never receiving notice of Mrs. Coomer's motion for summary judgment is not credi-

_____

[3] The sixth criterion, codified as Rule 60(b)(6), is a catch-all provision giving the court broad equitable power to grant relief from judgments "for any other reason." This clause, however, is generally invoked only in "extraordinary circumstances." In re A.H. Robbins Co., 197 B.R. 488, 490 (E.D. Va. 1994) (citing Klapprott v. U.S. , 335 U.S. 601, 614-15 (1949)). The instant case does not present the requisite "extraordinary circumstances" -- or at least the district court did not abuse its discretion by so concluding.

ble. Consequently, the district court did not abuse its discretion when it declined to consider Mr. Coomer's due process argument under Rule 60(b)'s "the judgment is void" criterion. Put differently, it was well within the bounds of reasonable discretion for the court to conclude (albeit tacitly) that the grant of summary judgment against Mr. Coomer comported with due process notice requirements.

IV.

Mr. Coomer is undoubtedly correct that our judicial system expresses a preference for having cases and motions resolved on the merits after both sides have a full and fair opportunity to develop the disputed issues. Rule 60(b), however, balances this preference for thorough adversarial adjudication against the judicial system's equally profound interest in finality and in encouraging diligence among litigants. As we held in <u>Compton</u>:

> The remedy provided by [Rule 60(b)] is extraordinary . . . . [And] in determining whether to exercise the power to relieve against a judgment under 60(b), the courts must engage in the delicate balancing of the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts.

608 F.2d at 102.

There are doubtless extraordinary cases where granting a party relief from a prior judgment is more important than vindicating the system's interest in finality. The district court, however, did not abuse its discretion when it concluded that Mr. Coomer failed to present such an extraordinary case.

<u>AFFIRMED</u>

11