Murray W. WHITTLE, Travelers Indemnity Company, Whittle Plywood Corporation, Plaintiffs,

v.

TIMESAVERS, INCORPORATED, Appellant,

and

Plywood Equipment Sales, Inc., Appellee,

and

U.S. Plywood Champion Papers, Inc., Defendant.

No. 84–1007.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1984.

Decided Dec. 3, 1984.

William B. Poff, Roanoke, Va. (Anderson D. Cromer, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., on brief), for appellant.

Luis A. Abreu, Danville, Va. (Joseph M. Winston, Jr., Clement & Wheatley, Danville, Va., on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and HARGROVE, United States District Judge for the District of Maryland, sitting by designation.

CHAPMAN, Circuit Judge:

This appeal involves a cross-claim for indemnity between two of the original defendants in a products liability suit brought by a plaintiff who suffered personal injuries proximately caused by an allegedly defective used industrial sander. Appellant, Timesavers, Inc., appeals the decision of the district court denying its motion for summary judgment and granting summary judgment for appellee Plywood Equipment Sales, Inc. (Plywood), in the amount of $42,976.72.[1] *See Whittle v. Timesavers, Inc.*, 572 F.Supp. 584 (W.D.Va.1983). The district court held that an implied warranty of merchantability ran with the sale of the used sander from Timesavers to Plywood and that Timesavers' implied warranty contained an implied contract to indemnify Plywood for any damages it incurred because of Timesavers' breach of its implied war-

ranty. We reverse the decision of the district court and remand the case for further proceedings on the issue of whether an implied warranty of merchantability ran with the sale of the used sander from Timesavers to Plywood.

I

Mr. Murray W. Whittle brought a products liability action against Timesavers, Plywood, and U.S. Plywood-Champion Papers, Inc. (Champion), alleging that he suffered personal injuries due to the defendants' negligence and breach of implied warranties in the sale of an industrial woodworking machine, a sander. Specifically, Mr. Whittle maintained that all the defendants were negligent in failing to guard moving parts properly, to install safety devices, and to warn, fully and adequately, the intended and expected users of the hazards and dangers not apparent in the sander.

Timesavers had manufactured and sold the allegedly defective sander to Champion in 1965. In June 1978, Timesavers acquired the sander from Champion as a "trade-in," although Champion continued to operate and maintain the sander at its plant until January 1979. Timesavers sold the used sander to Plywood "in place" at Champion's plant in August 1978. Plywood, in turn, sold the sander to Mr. Whittle's employer, Whittle Plywood Corporation, in January 1979. Plywood's invoice noted that the sander was sold "as is, where is."

In response to Mr. Whittle's complaint, Plywood filed its answer and a cross-claim against Timesavers and Champion. In its cross-claim Plywood contended that both Timesavers and Champion breached express and implied warranties in the sale of the sander to Plywood and that the duty to guard properly the equipment, to install safety devices, and to warn intended users was solely the responsibility of these codefendants.

---

**1.** Due to a typographical error, the district court's opinion incorrectly stated the amount of damages as $42,976.27. The correct amount is $42,976.72.

Several months before trial, the district court granted Champion's motion for summary judgment. The remaining defendants, Timesavers and Plywood, settled separately with Mr. Whittle prior to the conclusion of the trial, Plywood settling before trial and Timesavers settling during the trial.

Timesavers filed a motion for summary judgment on Plywood's cross-claim on the grounds that Plywood paid Mr. Whittle as a volunteer, or alternatively, that Plywood paid Mr. Whittle based upon independent grounds of Plywood's own negligence. Timesavers also asserted that Plywood had no grounds for indemnification from Timesavers because Plywood settled claims of active negligence, thereby eliminating its right to indemnity against Timesavers. In September 1983, the district court denied Timesavers' motion for summary judgment and contemporaneously filed a memorandum opinion. Shortly thereafter the district court granted Plywood's motion for summary judgment based upon a stipulation of fact submitted by the parties and further predicated upon the reasons set forth in its memorandum opinion.

In its memorandum opinion, the district court held that Plywood could maintain a contractual indemnity action against Timesavers based upon the implied warranty of merchantability that ran with the sale of the used sander from Timesavers to Plywood. The court stated that "the sale of the machine to [Plywood] by Timesavers established a contractual relationship between the two parties out of which arose [Plywood's] right to be indemnified for damages incurred by it which were caused by Timesavers' breach of the implied warranty of merchantability." 572 F.Supp. at 587 (citing *McCain Mfg. Corp. v. Rockwell Int'l. Corp.*, 695 F.2d 803 (4th Cir.1982)). The court also held that Plywood's actions in filing a cross-claim for indemnity against Timesavers and requesting that Timesavers participate in settlement negotiations with Mr. Whittle were sufficient to reduce Plywood's burden of proof to one which required proof that the settlement reached was reasonable and in good faith. Finally,

the court held that Plywood's attorney's fees were recoverable as damages in the indemnity claim.

## II

This case does not present the usual manufacturer-to-retailer and retailer-to-consumer products liability situation. Here Timesavers (the manufacturer) accepted a piece of used machinery "in place" as a "trade-in" from Champion and sold it to Plywood, a company which is in the business of selling used plywood equipment and manufacturing and rebuilding woodworking equipment. Plywood, in turn, sold the sander to Whittle Plywood, "in place" on an "as is, where is" basis. The ultimate issue in this case is what rights of indemnity, if any, does Plywood have against Timesavers when both are sued by an injured employee of Whittle Plywood on theories of negligence and warranty. The immediate issue in this factual situation, however, is whether under Virginia law an implied warranty of merchantability ran with the sale of the used sander from Timesavers to Plywood.

It is undisputed that no express contract of indemnity existed between Timesavers and Plywood. The district court found an implied contract of indemnity in Timesavers' implied warranty of merchantability. But even though the district court stated that "an implied warranty of merchantability ran with the sale," 572 F.Supp. at 586, the district court's opinion contains no discussion or analysis of whether, under Virginia law and the peculiar facts of this case, an implied warranty of merchantability ran with the sale of a used sander from Timesavers to Plywood. Nor did the district court discuss the fact that Plywood is in the business of selling used plywood equipment and manufacturing and rebuilding woodworking equipment.

It is unclear whether under *Va.Code* § 8.2–314 (1950, as amended), an implied warranty of merchantability runs with the sale of used goods. *See Smith v. Mooers*, 206 Va. 307, 142 S.E.2d 473 (1965) (pre-UCC

case holding that no implied warranty exists in the sale of used goods). Accordingly, because the district court's opinion did not adequately discuss this issue, we reverse the decision of the district court and remand the case for further proceedings on whether an implied warranty of merchantability ran with this sale of the used sander from Timesavers to Plywood, and if so, whether such an implied warranty includes an implied contract of indemnity. Of course, we express no opinion on the disposition of these issues upon remand.

REVERSED AND REMANDED.