# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

STEVE A. HARRIS, INCORPORATED;
THE FASTEST CAR WASH, L.L.C.,
            *Plaintiffs-Appellants,*

            v.                                  No. 02-1957

KENYON OIL COMPANY,
INCORPORATED,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-01-2925-S)

Argued: April 1, 2003

Decided: April 30, 2003

Before TRAXLER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion. Senior
Judge Hamilton wrote a concurring opinion.

---

## COUNSEL

**ARGUED:** Stuart Scott Morrison, KATTEN, MUCHIN, ZAVIS,
ROSENMAN, Washington, D.C., for Appellants. Patricia Maureen
Weaver, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG &
COOPER, CHARTERED, Bethesda, Maryland, for Appellee. **ON**

**BRIEF:** Glenn M. Cooper, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG & COOPER, CHARTERED, Bethesda, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Steve A. Harris, Inc. ("Harris") and The Fastest Car Wash, LLC appeal the judgment entered in favor of Kenyon Oil Company, Inc. on their breach of contract claim. For the reasons set forth below, we vacate the judgment and remand for further proceedings.

Harris contracted to purchase from Kenyon Oil a piece of improved real property located in Silver Spring, Maryland.[1] This property had previously been used in part as a gasoline station, and it was improved with gasoline station equipment, including several underground storage tanks ("USTs"). The contract provides in pertinent part that the property was being sold "as is" with one exception: Kenyon Oil agreed to be responsible for the removal of the gasoline station equipment from the property, and it agreed that "such removal shall be in compliance with all laws, rules, and ordinances of the Federal, state and local government, including without limitation the [Maryland Department of the Environment ("MDOE")]."

After the parties had entered into the contract, Kenyon Oil discovered and reported to MDOE and Appellants that the property was contaminated. Kenyon Oil thereafter removed five USTs from the property. As part of this process, Kenyon Oil also removed 82 tons of contaminated soil from the UST excavation area.

---

[1]Harris subsequently assigned its interest to The Fastest Car Wash, LLC. We hereafter refer to these parties collectively as "Appellants."

The parties then closed the contract. Subsequent to the closing, MDOE issued a Report of Observations requiring Kenyon Oil to monitor the groundwater at the property for four consecutive quarters. The monitoring results have shown that the contamination level on the property has increased.

Appellants contend that Kenyon Oil breached the contract because (among other reasons) it has not completed its contractual obligation to remediate the contamination on the property. Appellants point specifically to the contractual language that requires Kenyon Oil to remove the gasoline station equipment — *i.e.*, the USTs — "in compliance with all laws, rules, and ordinances of the Federal, state and local government, including without limitation, the MDOE," and they assert that Kenyon Oil's remediation obligation primarily arises under § 26.10.10.03 of the Code of Maryland Regulations ("COMAR"). That MDOE regulation provides that if contaminated soil or groundwater is discovered during the permanent closure of USTs, then the owner or operator of the USTs "shall begin corrective action in accordance with COMAR [§] 26.10.09." COMAR § 26.10.10.03(C).[2] The corrective action set forth in COMAR § 26.10.09 is a multi-step process that establishes, under proper circumstances, investigation, reporting, monitoring, and remediation requirements for the UST owner, operator, or other responsible party.

On the parties' cross motions for summary judgment, the district court granted Kenyon Oil's motion and denied Appellants' motion. In its memorandum opinion, the district court held that Kenyon Oil's contractual obligation concerning the USTs is limited to the physical removal of the USTs from the property. The district court stated:

> The contract only makes sense as an integrated whole when the seller's obligations with regard to the gasoline station equipment are read as arising only in connection with the physical removal of the tanks, which . . . plainly does not comprehend expensive remediation of environmental contamination that predated the removal of the tanks. If such had been the intention of the parties, they could have used language that addressed responsibility for remediating envi-

---

[2]Kenyon Oil disputes the applicability of this regulation.

ronmental contamination. Instead, they chose to deliver the property as is, less the gasoline station equipment, which is exactly what the buyer got, and they limited the seller's obligation to restoration, which, in its plain meaning, simply covers a return to the *status quo ante*.

Although the district court quoted the section of the contract that requires Kenyon Oil to remove the USTs "in compliance with all laws, rules, and ordinances of the Federal, state and local government, including without limitation, the MDOE," the district court did not address in any manner either the meaning of this language or the potential applicability of any MDOE regulation (or other law).

A district court is ordinarily not obligated to address every contention raised by the parties in a motion. *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980). However, we believe that the district court erred by not addressing the "in compliance with" language or the MDOE regulations because these are the crucial matters upon which Appellants' claim is based. In light of Appellants' arguments, we cannot say that these matters would have no effect on the outcome of this case.[3] The district court may very well have considered these matters in reaching its conclusion; however, because it did not explain its analysis, we are unable to satisfy ourselves that it, in fact, did consider them.

As the case is in this posture, our ability to review the judgment is hindered. We therefore vacate the judgment and remand this case to the district court for further proceedings consistent with this opinion. *See Whittle v. Timesavers, Inc.*, 749 F.2d 1103, 1106 (4th Cir. 1984) ("because the district court's opinion did not adequately discuss this issue, we reverse the decision of the district court and remand the case for further proceedings"). We express no opinion on the disposition of the case on remand.[4]

*VACATED AND REMANDED*

---

[3] Because the district court ruled on the motions without oral argument, we do not have the benefit of a hearing transcript to review to ascertain whether, and to what extent, the district court considered these matters.

[4] On remand, the district court should also reconsider the inextricably intertwined issue of whether Kenyon Oil breached the contract by failing to deliver the appropriate certificate at closing.

HAMILTON, Senior Circuit Judge, concurring specially:

I concur in the judgment and write separately only to address the Appellants' contention, barely mentioned in the majority opinion, *see ante* at 4 n.4, that the district court erred by granting summary judgment in favor of Kenyon Oil with respect to the portion of their breach of contract claim alleging breach of § 2(A)(10) of the contract. Section 2(A)(10) of the contract required Kenyon Oil to provide the Appellants, at closing, a certificate from the Maryland Department of the Environment (the MDOE) "certifying that the Gasoline Station Equipment, including without limitation, the underground storage tanks, was removed in compliance with the laws of the State of Maryland . . . ." (J.A. 342). Without directly addressing this allegation of error, the majority opinion merely remands the issue to the district court with the instruction that "the district court should also reconsider the inextricably intertwined issue of whether Kenyon Oil breached the contract by failing to deliver the appropriate certificate at closing." *Ante* at 4 n.4. Unfortunately, this instruction does not inform the district court that the two alternative bases upon which it granted summary judgment in favor of Kenyon Oil, with respect to the portion of the breach of contract claim involving § 2(A)(10), are erroneous. Without such information and guidance, the district court may inadvertently repeat the same errors that appear fully in the record before us on appeal. While not binding on the district court, an analysis of the § 2(A)(10) issue may prove helpful to the district court on remand.

The district court first granted summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract on the basis that Kenyon Oil provided the Appellants with a two-page document that was issued by the MDOE, dated January 31, 2002, and entitled "CERTIFICATE OF REGISTRATION CLOSURE." (J.A. 787). The Appellants challenge this as error, and I agree. Nowhere does the two-page document provided by Kenyon Oil state that the MDOE certifies that Kenyon Oil removed the Gasoline Station Equipment "in compliance with the laws of the State of Maryland . . . ." (J.A. 342). In fact, language in the document stating that "[t]his Certificate does not address any active enforcement actions at this site" makes clear that no such certification was intended by the MDOE. (J.A. 788).

Alternatively, the district court relied on the doctrine of waiver in granting summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract. According to the district court, the Appellants waived their right to enforce § 2(A)(10) of the contract by closing on the contract without receiving a document as described in § 2(A)(10). The district court's reliance on the doctrine of waiver in this situation is misplaced. Prior to closing, the parties had expressly agreed (as evidenced by a letter agreement dated November 13, 2001) that closing on the contract would not effect a waiver of any parties' rights and obligations under the contract. Accordingly, the doctrine of waiver does not provide a proper basis upon which to grant summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract.

On remand, I would allow the district court to consider any and all *other arguments* which the parties may offer with respect to Appellants' contention that Kenyon Oil breached § 2(A)(10) of the contract by failing to provide them, at closing, with a certificate from the MDOE "certifying that the Gasoline Station Equipment, including without limitation, the underground storage tanks, was removed in compliance with the laws of the State of Maryland . . . ." (J.A. 342).