**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2054**

SCOTT CHRISTIAN WADLEY,

Plaintiff - Appellant,

versus

EXPERIAN INFORMATION SOLUTIONS, INCORPORATED,

Defendant - Appellee,

and

FORD MOTOR CREDIT COMPANY; CHOICEPOINT
SERVICES, INCORPORATED; EQUIFAX INFORMATION
SERVICES, LLC,

Defendants.

--------------------------

NATIONAL ASSOCIATION OF CONSUMER ADVOCATES,

Amicus Supporting Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (CA-05-467-1)

Argued: October 24, 2006          Decided: July 17, 2007

Before WIDENER, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Leonard Anthony Bennett, Newport News, Virginia, for Appellant.  Thomas Dean Domonoske, LAW OFFICE OF DALE W. PITTMAN, Harrisonburg, Virginia, for Amicus Supporting Appellant.  Meir Feder, JONES DAY, New York, New York, for Appellee. **ON BRIEF:** Carl L. Crews, Arlington, Virginia, for Appellant.  Richard J. Rubin, Santa Fe, New Mexico; Joanne S. Faulkner, New Haven, Connecticut, for Amicus Supporting Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Christian Wadley appeals the summary judgment entered in favor of Experian Information Solutions, Inc. on his claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. For the reasons that follow, we vacate the summary judgment and remand for further proceedings.

I

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). "We review the district court's order granting summary judgment de novo, viewing the facts in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).

The evidence in the record tends to establish that in May 2003 Wadley purchased a car from Jerry's Ford in Alexandria, Virginia.

Ford Motor Credit Corporation ("FMCC") financed the purchase. Shortly thereafter, Wadley returned the car to Jerry's Ford, contending that it had several problems. Dissatisfied with the response from Jerry's Ford, Wadley removed his personal belongings and the tags from the car and left it at the dealership.

Thereafter, Wadley quit repaying the FMCC loan. When he informed FMCC that he should not have to repay the loan, FMCC told him that his failure to do so would adversely affect his credit. Because Wadley had abandoned the car at Jerry's Ford, FMCC treated it as being voluntarily surrendered and sold it at a public auction. After the proceeds were applied to the balance of the loan, a total of $9,467.46 remained due and owing from Wadley to FMCC. Wadley failed to repay the balance, and FMCC filed a lawsuit seeking repayment in Virginia state court. FMCC eventually took a voluntary nonsuit, but it continued to maintain that Wadley owed the loan balance.

Experian is a consumer reporting agency that supplies consumer information pursuant to the FCRA. Because of Wadley's failure to repay the loan, FMCC reported the deficiency balance to Experian and other consumer reporting agencies that supply consumer credit information pursuant to the FCRA. In turn, Experian reported Wadley's FMCC debt on his credit report.

Wadley contacted Experian several times about the FMCC account. In June 2003, Wadley wrote Experian about "a negative

customer service experience" he had with FMCC. J.A. 24. Wadley stated that FMCC told him his actions would affect his credit, but he contended that "[a]s a dissatisfied customer [he] should not be penalized in this way simply because [he] returned a defective product within the parameters of the 30-day period." J.A. 24. Wadley also contacted Experian in May 2004 to dispute the FMCC debt. Experian apparently investigated the loan with FMCC, and FMCC confirmed the delinquency. By letter dated June 2, 2004, Experian informed Wadley that the investigation confirmed the accuracy of the loan and that the loan would remain on his Experian credit file, but that he could add a statement disputing the accuracy or completeness of the information to his Experian report.

In July 2004, Wadley's attorney (Carl Crews) wrote to Experian requesting an investigation of the FMCC account. Crews enclosed a copy of FMCC's nonsuit, but he did not argue that the credit report was inaccurate because Wadley disputed the debt. Rather, Crews argued that the fact of the nonsuit supported Wadley's contention "that a debt was never owed" and that the account could not have been delinquent because it never should have arisen. J.A. 27. Experian responded to Crews by stating that it had conducted an investigation regarding the FMCC account and that it could not assist Wadley in resolving his dispute with FMCC. Experian again noted that Wadley could add a consumer statement specifying the

5

nature of his dispute with FMCC to his credit report. Experian also wrote to Wadley, explaining that the dispute had been previously investigated and informing him that he could add the consumer statement to his report.

## II

In his amended complaint, Wadley alleged that the information reported by Experian relating to his FMCC account was inaccurate and that Experian violated the FCRA by willfully and negligently failing to: (1) "conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from [sic];" (2) "provide prompt notice of the inaccurate information and of plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);" (3) "provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);" (4) "review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(4);" (5) "delete the inaccurate information from plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);" and (6) "employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs [sic] credit report, information and credit file, in violation of 15 U.S.C. § 1681e." J.A. 14-15.

6

In granting summary judgment, the district court noted that this case concerns Wadley's allegations that Experian violated the FCRA "by reporting inaccurate information" on Wadley's credit report, and it framed the issue as being "whether a genuine issue of fact remains regarding whether Experian reported inaccurate information on [Wadley's] credit report when [he] concedes that he entered into a loan with FMCC, failed to pay the loan, and the loan was reported with a derogatory status." J.A. 45. Without elaborating specifically on the various alleged FCRA violations noted above, the district court concluded that Experian was entitled to summary judgment because Wadley "failed to establish that the consumer report contains inaccurate information, which is an essential element of a FCRA claim." J.A. 49. The district court primarily cited § 1681e(b) for the proposition that inaccurate information is an essential element of a FCRA claim.[1] The district court also held that summary judgment was warranted because Wadley "is attempting to collaterally attack the basis of accurately reported information. The FCRA does not provide a cause of action to collaterally attack an accurate credit report." J.A. 49.

_____

[1]The district court also cited Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001) (citation and internal punctuation omitted), in which we stated that "[t]o make out a violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."

7

Wadley raised two issues in his appellate briefs. First, he contended that the district court erred in dismissing his FCRA claim to the extent that it is brought under § 1681e(b) because a genuine issue of material fact exists as to whether the FMCC information reported by Experian was accurate. Second, he contended that, in any event, the district court erred in dismissing his § 1681i failure-to-reinvestigate claim because it did not specifically address that claim and because Experian had a duty to reinvestigate the credit report after notice of the non-suit regardless of whether the FMCC report was accurate. During oral argument, Wadley abandoned his § 1681e(b) claim, which was premised on the alleged inaccuracy of the FMCC report, but he continued to maintain for purposes of his § 1681i claim that the FMCC report was in fact inaccurate.

Thus, we are now presented with only the issue of whether the district court properly entered summary judgment against Wadley on his § 1681i claim. As Wadley correctly observes, the district court did not address the § 1681i claim in its summary judgment order. In this circumstance, we find it appropriate to remand the case to the district court for further consideration of the summary judgment motion as it pertains to the § 1681i reinvestigation claim. See French v. Assurance Co. of America, 448 F.3d 693, 707 (4th Cir. 2006) ("we adhere to the general rule that a federal appellate court does not consider an issue not passed upon below");

8

Whittle v. Timesavers, Inc., 749 F.2d 1103, 1106 (4th Cir. 1984) ("because the district court's opinion did not adequately discuss this issue, we reverse the decision of the district court and remand the case for further proceedings").[2]  We express no opinion on the merits of this claim.

## III

Based on the foregoing, we vacate the summary judgment and remand this case for further proceedings consistent with this opinion.

VACATED AND REMANDED

---

[2]On remand, the district court may, as it deems necessary, permit the parties to engage in further discovery and submit additional evidence concerning the nature of the reinvestigation conducted by Experian.