**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2046

SCOTT CHRISTIAN WADLEY,

Plaintiff - Appellant,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:05-cv-00467-GBL)

Submitted:  July 29, 2008          Decided:  October 9, 2008

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl Lowell Crews, C. LOWELL CREWS, ATTORNEY AT LAW, PLLC, Arlington, Virginia, for Appellant.  Barry Goheen, J. Anthony Love, KING & SPALDING, LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Christian Wadley appeals the district court's denial of his Fed. R. Civ. P. 60(b)(4), (6) motion, wherein he sought relief from the district court's adverse grant of summary judgment in favor of Equifax Information Services, LLC ("Equifax") relative to claims he brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. For the reasons stated below, we affirm.

It is well-settled that "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citing Ackermann v. United States, 340 U.S. 193, 198 (1950)). Thus, in cases where a petitioner makes a "considered choice" not to appeal, he cannot be relieved of that choice merely because hindsight demonstrates that his decision to forego a timely appeal was probably wrong in light of subsequent rulings by the court. See Ackermann, 340 U.S. at 198. There is no dispute here that Wadley failed to appeal the district court's grant of summary judgment on which his Rule 60(b) motion is based.[1] As the Supreme Court stated in Ackermann, "By no stretch of imagination can the voluntary, deliberate, free, untrammeled choice

_____

[1]Not only does Wadley concede that he failed to timely and properly notice an appeal as to Equifax, but he also agreed to dismiss Equifax with prejudice from a related appeal, when Equifax inadvertently was included as a party in that appeal, based in part on his reluctance to pay the additional fees and costs associated with having Equifax included in that prior appeal.

- 2 -

of [a Petitioner] not to appeal" constitute a sufficient basis for Rule 60(b) relief. Id. at 200; see also Dowell, 993 F.2d at 47 (affirming denial of Rule 60(b) motion where movant "knowingly and voluntarily chose not to appeal the district court's [underlying] decision").

Moreover, a motion under Rule 60(b) must be filed within "a reasonable time." Fed. R. Civ. P. 60(c)(1); McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (finding Rule 60(b) motion untimely when delay in filing was three to four months). In this case, Wadley waited almost two years after the district court's adverse grant of summary judgment in favor of Equifax to file his Rule 60(b) motion.[2] That he chose to wait for the litigation in this court as to the related appeal to become final so he unnecessarily would not have to pay additional fees and costs for an appeal as to Equifax is not a sufficient justification supporting the relief he now seeks. Under these circumstances, we find this passage of time was not reasonable.

Pursuant to the standards articulated by this court relative to considering the merits of a Rule 60(b)(4) motion, a judgment is "void" only where "the court that rendered it lacked

---

[2]While Wadley argues on appeal that he filed promptly after we issued our remand in Wadley v. Experian Info. Solutions, Inc., No. 05-2054 (4th Cir. July 17, 2007) (per curiam) (unpublished), the related appeal, our actions in that case have no bearing on the summary judgment order against Equifax because Equifax, as Wadley himself concedes, was never a proper party to that appeal.

jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992). Wadley makes no argument, nor is there any to be made, that the district court lacked subject matter or personal jurisdiction when it granted Equifax's summary judgment motion. Nor did the district court act in a manner inconsistent with due process. "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." Cromer v. Kraft Foods No. Am., 390 F.3d 812, 817 (4th Cir. 2004). Hence this court's subsequent action in vacating and remanding the district court's grant of summary judgment in the related appeal, which rested upon the same analysis as its grant of summary judgment in favor of Equifax, is not, contrary to Wadley's contention, a legitimate basis for relief pursuant to Rule 60(b)(4).

Neither has Wadley established "extraordinary circumstances" supporting entitlement to relief pursuant to Rule 60(b)(6), because "strategic decisions made during the course of litigation provide no basis for relief under 60(b)(6)." See Schwartz, 976 F.2d at 218. Nor was the change in the decisional law on which the district court based its decision to grant Equifax's motion for summary judgment, which was brought about by our decision to vacate and remand the grant of summary judgment as to the party in the related appeal, sufficient to establish

"extraordinary circumstances" under Rule 60(b)(6).  See Dowell, 993 F.2d at 48 (affirming denial of Rule 60(b)(6) motion where basis for relief was subsequent change in law).

Finally, Wadley's Rule 60(b) motion is a clear attempt to require the district court to revisit its previous decision dismissing Equifax from the underlying litigation, based upon this court's subsequent decision to vacate and remand the district court's decision granting summary judgment in the related case. This he simply cannot do.  See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992).  Wadley may not use Rule 60(b) as a vehicle to excuse his failure to seek review of the final judgment granted to Equifax almost two years earlier and from which he chose not to take an appeal.

The district court did not err in denying Wadley's Rule 60(b) motion.  Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED