**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2236**

TILLIE A. LYNN,

          Plaintiff - Appellant,

     v.

LT. GEN. KEITH B. ALEXANDER, Director,

          Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:07-cv-02860-RDB)

Submitted:  March 27, 2012          Decided:  April 10, 2012

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tillie A. Lynn, Appellant Pro Se.   Joseph Ronald Baldwin, OFFICE
OF  THE  UNITED  STATES  ATTORNEY,  Baltimore,  Maryland,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tillie A. Lynn seeks to appeal the district court's orders granting the Defendant summary judgment on her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (West 2003 & Supp. 2010), and employment discrimination claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796 (West 2008 & Supp. 2011), and denying her Fed. R. Civ. P. 60(b) motion to reopen and vacate summary judgment.

The district court's order granting the Defendant summary judgment was entered on December 10, 2009, and Lynn did not file a notice of appeal. Parties have thirty days after entry of a district court's final judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period pursuant to Fed. R. App. P. 4(a)(5), or reopens the appeal period pursuant to Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Moreover, "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Nor is Lynn relieved of the requirement to have filed a timely notice of appeal by the limited tolling provision of Fed. R. App. P. 4(a)(4)(vi). See

2

Fed. R. App. P. 4(a)(4)(vi) (tolling the time to file an appeal until the entry of the order disposing of a Rule 60 motion "filed no later than 28 days after the judgment is entered"). Accordingly, because Lynn did not file a timely notice of appeal or obtain an extension of the appeal period, we dismiss her appeal of the district court's December 10, 2009 order for lack of jurisdiction.

We review the denial of a Rule 60(b) motion for abuse of discretion. MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008). A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell, 993 F.2d at 48 (internal quotation marks and citation omitted). Once a movant makes this showing, she then must establish: "(1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief." Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). "A motion under Rule 60(b) must be made . . . no more than a year after the entry of the judgment" for reasons (1), (2), and (3). Fed. R. Civ. P. 60(c)(1). "In ruling on an appeal from a denial of a Rule 60(b) motion, this [c]ourt may not review the merits of the underlying order; it may only

3

review the denial of the motion with respect to the grounds set forth in Rule 60(b)."  In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992).

Lynn fails to establish a threshold showing of timeliness.  Lynn seeks relief under Rule 60(b)(1) based upon excusable neglect; however, as she filed her Rule 60(b) motion one year and four months after the district court entered its judgment and fails to present a reasonable explanation for her delay, her motion is untimely.  Moreover, we fully concur with the district court's assessment that Lynn failed to present a meritorious defense to the motion for summary judgment, a lack of unfair prejudice to the Defendant, and exceptional circumstances.

Accordingly, we affirm the district court's order denying Lynn's Rule 60(b) motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED